STATE ex rel. BUSHNELL vs. GATES, Clerk, etc.

MANDAMUS, *to compel levy of tax to pay judgment against town.*

1. The law under which bonds of a town were issued, made it the duty of the town authorities to assess and collect a tax to pay the coupons. *Held*, that if that was an objection to a holder's right to a judgment at law upon the coupons, still it could not be urged, after such judgment recovered, against the issue of a *mandamus* to compel the clerk to levy a tax to pay it (under secs. 77, 78, chap. 15, R. S.)

2. *Mandamus* will lie against a town officer, although the papers laying a foundation for the application were served upon his predecessor.

APPEAL from the Circuit Court for *Rock* County.

*Bushnell* recovered a judgment against the town of Beloit, in said court, for $162.78 damages, on coupons attached to bonds issued by said town under chap. 12, Pr. & L. Laws of 1853; and the judgment was affirmed by this court.  10 Wis., 195.  A certified copy of the judgment, with the affidavit required by sec. 78, chap. 15, R. S., was filed with one Morse, clerk of said town, prior to the time of levying and assessing the taxes of the town for 1866, together with a demand on said clerk that he should assess the amount of the judgment, etc., on the taxable property of the town, according to the provisions of that section; but he neglected so to do.  *Bushnell* then applied for a rule on the clerk to show cause why he should not proceed to levy such tax; and the papers on which the motion was founded show not only the above facts, but also that since said judgment was rendered there had been but one supervisor of said town in office (21 Wis., 280); that *Egbert Gates* had become clerk of said town; and that no part of the judgment had been assessed, etc.  *Gates* moved to discharge the rule, on the grounds, 1. That no reason was shown why the relator did not avail himself of the remedies provided in said chap. 12,

Pr. & L. Laws of 1853. 2. That there was no proof of any demand upon him (said *Gates*) to perform the act sought to be 'enforced.—The court made an order discharging the rule; and the relator appealed.

Section 3, chap. 12, Pr. & L. Laws of 1853, is as follows: "The board of supervisors of the town of Beloit, whenever. the same shall become necessary, shall annually levy a tax upon the taxable property of said town, sufficient to pay the interest upon such bonds, after deducting the dividends due to such town on said shares of stock."

*Matt. H. Carpenter* for relator:

1. It was the duty of the clerk, after the transcript of judgment and the affidavit were filed, to assess the tax. R. S., chap. 15, secs. 77, 78. 2. He having neglected or refused to perform this duty, the party interested is entitled to a *mandamus*. *School Dist. v. School Dist.*, 3 Wis., 333; *State v. Smith*, 11 id., 65; *State v. Wilson*, 17 id., 687. 3. It is no objection, that the present incumbent of the office is not the one on whom the demand was made. *Soutter v. Madison*, 15 Wis., 37; *People v. Collins*, 19 Wend., 56, 68; *Graham v. Maddox*, 6 Am. Law Reg., 626. 4. The right of the relator to his judgment is settled. *Bushnell v. Beloit*, 10 Wis., 195. The judgment being rendered, the statute determines the manner of its enforcement; and it is too late to urge that he was not entitled to the judgment. Besides, this court has decided that on the state of facts shown here, there is no remedy against the board. *State ex rel. Carpenter v. Beloit*, 21 Wis., 280. 5. The bondholder may pursue either of three courses to recover his interest: (1). *Mandamus* to compel taxation under the act, without judgment. *Comm. v. Alleghany Co.*, 32 Pa. St., 218; *Comm. v. Pittsburgh*, 34 id., 496. (2). Judgment on the coupons, used as evidence of non-payment of interest, and *mandamus* to compel taxation under the act. *Soutter v. Madison*, 15 Wis., 37; *Havemeyer*

*v. Mineral Point* and *Ward v. Sheboygan Co.*, not reported. (3). Judgment at law, enforced by execution or otherwise as the law may regulate the enforcement of judgments, without regard to the cause of action on which it was rendered. These are cumulative remedies, and he may pursue either. *Anderson v. Hooks*, 9 Ala., 704.

*A. A. Jackson* and *Palmer & Hooker*, for respondent, contended that no demand was shown upon the respondent to perform the act sought to be enforced, nor had he had any opportunity to do so since entering upon his office, no levy and assessment having been made in that time; and it must be presumed that he will perform his duty at the proper time. 2 Johns. Cases (2d ed.), 217–18, note; Crary's N. Y. Practice, 274, and cases there cited. 2. A *mandamus* will not be granted when another remedy may be obtained by action, or is clearly provided by law. *People v. Wood*, 35 Barb., 653; 22 How. Pr., 286; 13 Abb., 374; 6 Hill, 243; 5 id., 616–27; 2 id., 45, 369; 2 Cow., 444; 11 N. Y., 563–73; 1 Wend., 218. In this case an effective remedy is clearly provided by sec. 3, chap. 12, Pr. & L. Laws of 1853. [*Mr. Jackson* also argued that if it was the duty of Morse, the town clerk in 1866, to assess the amount of the judgment on the taxable property of the town and put it in the tax roll for that year, and he had neglected or refused to do so, then the relator had his remedy by action against said Morse, citing *People v. Supervisors*, 11 N. Y., 563; *People v. Lawrence*, 6 Hill, 244; *Ex parte Lynch*, 2 id., 45; *People v. Brooklyn*, 1 Wend., 318; *Boyce v. Russell*, 2 Cow., 444; *People v. Mayor, etc.*, 25 Wend., 680–84.] 3. The act which authorized the issue of the bonds having provided a special remedy for the collection of the principal and interest, that remedy is exclusive. It is a part of the contract, and is binding upon both parties. *Van Hoffman v. The City of Quincy*, 4 Wallace, 535. Sections 77 and 78, chap. 15, R. S., are

chap. 30, General Laws of 1857. They were no part of the law when the bonds were issued. Counsel cited further the cases of *Carpenter v. Beloit* and *Morgan v. Beloit*, in the circuit court of the U. S. for the district of Wisconsin (unreported), in which (they stated) that court denied applications precisely similar to this, upon the ground that the relator was bound to resort to the remedy provided by said sec. 3, chap. 12, Pr. Laws of 1853. When a statute creates a right, and provides the means of protecting or enforcing it, the party is confined to that remedy. *Dudley v. Mayhew*, 3 N. Y., 9; *Smith v. Lockwood*, 13 Barb., 209; *City of Boston v. Shaw*, 1 Met., 130–38; Sedgw. on Stat. & Con. Law, 94. See also *Knox Co. v. Aspinwall*, 24 How. (U. S.), 376; *People v. Mead*, 24 N. Y., 114; *People v. Supervisors Columbia Co.*, 10 Wend., 363; *Supervisors v. United States*, 4 Wallace, 435.

PAINE, J. The *mandamus* should have been granted by the circuit court. The case presented was clearly within the provisions of sections 77 and 78, chap. 15 of the Revised Statutes, which make it the specific duty of the clerk to assess upon the taxable property of the town a tax sufficient to pay the judgment.

It is said that the relator had another remedy. But it appears that the other remedy suggested would have been substantially the same one he now seeks, that is, a *mandamus* to compel the assessment and collection of a tax to pay the amount due him. The law under which the bonds were issued, upon the coupons of which the judgment was recovered, required the assessment of a tax to pay the interest. Undoubtedly the owner might have compelled such assessment without recovering a judgment. If that right furnished any reason why he should not be entitled to an action against the town, and to recover a judgment on the coupons, that reason should have been urged when such an action

was brought. Not having been urged, or, if urged, having been overruled, and a judgment having been rendered, and sustained by this court, it cannot, whether right or wrong, now be reviewed in this proceeding, but must be taken to be a good and valid judgment for all purposes. If so, the law is as explicit in requiring a tax to be assessed to pay the judgment, as it was in requiring one to pay the coupons. And if the proper officers refuse to assess it, it is difficult to see upon what principle the appropriate remedy could be denied. The objection, so far as it had any force, went to the party's right to recover judgment at all. But after a judgment has been recovered, it is too late to urge it, whatever effect it might otherwise have been entitled to. The reason of it no longer exists. The coupons have been merged in the judgment. And if any tax at all is assessed, it must now be assessed to pay the judgment, and not to pay the coupons. And to sustain this objection now would be to deny the remedy altogether.

It seems the papers laying the foundation for this application were served on the predecessor in office of the respondent. It may be that in such cases, in proceedings to charge a party personally with contempt, some notice or request should be first served upon him, and that he ought not to be so charged upon the strength of proceedings taken against his predecessor, of which he may in fact have had no knowledge. But so far as the advancement of the principal remedy is concerned, it is to be regarded as a proceeding against the officer, and not against the individual; and when proper papers have been once served upon the officer, any proceeding which they warrant may be taken against his successor, without commencing *de novo*. This rule is essential to the due administration of justice, which might otherwise be baffled by the regular changes in office, or defeated by resignations made for the very purpose of destroying proceedings

already commenced. *Soutter v. Madison*, 15 Wis., 37; *Graham et al. v. The City of Maysville et al.*, 6 Am. Law Reg., 626–27. We can see no reason why the writ should not have been granted.

*By the Court.*— The order discharging the rule to show cause is reversed, with costs, and the cause remanded.