Battle J.
 

 We have decided at the present term in the case of
 
 Israel
 
 v. Ivey, that the Courts of Pleas and Quarter Sessions had no jurisdiction of actions founded upon contracts entered into prior to the first day of May 1865, because it had been taken away and vested exclusively in the Supreme Courts by the acts of the Legislature at second extra session of 1861, c. 10, and special session of 1867, c. 17, s. 1, as well as by an ordinance of the convention of 1865, (session in 1866, c. 3.) It is true that the counsel in that case did not raise the question whether such legislation was a violation of that clause of the constitution of the United States which prohibits any State from passing a “ law impairing the obligations of contracts.” Piad such an objection been made to the validity of the statute or ordinance, we should have decided that the objection could not be sustained. The jurisdiction of the County Courts was conferred by the Legislature, and that body has always claimed, without question until recently, the power to regulate it in any manner which it was thought the good of the State required. Acts to take from the County Courts of certain Counties the power to try causes m which the interposition of a jury muy be necessary, have been passed from time to time for at least half a century, and the authority of the Legislature to pass such acts, so far from being denied, has been expressly sanctioned, by judicial de
 
 *556
 
 cisión. — See
 
 Thompson
 
 v.
 
 Floyd,
 
 2 Jon. 313. If then the-Legislature had the power to take away a part of the jurisdiction of one or more of the County Courts of the State, it unquestionably had the power to take it away from all; and nothing but the connection of such legislative action with what is called the “ Stay Law ” would ever have induced any body to doubt it. It may be that other provisions of the “ stay law ” are unconstitutional (as to which we shall not express any opinion until the question is brought beforé us,) but it is well settled that one section or clause oí a stat-' irte may be unconstitutional, while the remaining are not at all liable to that objection.
 
 Berry
 
 v.
 
 Harris,
 
 2 Car. Law Repos. 428.
 

 Having disposed of the constitutional objection, it remains for us to consider the one raised on the sixteenth section of Gen. Sickles’ Order No. 10. The part of that order which applies to the case before us is in the following’ words : “Nor shall this order or any law of the provisional governments of North or South Carolina operate to deny to minor children, or children coming of age, or their legal representative, nor to suspend as to them, any right to action, remedy or proceeding, against executors, administrators, trustees, guardians, masters or clerks of Equity Courts, or other officers or persons holding a fiduciary relation to the parties or the subject matter of the action or proceeding.” This order was .issued the llth of April, 1867, and the counsel for the plaintiff contends that its effect is to restore to the County Courts the jurisdiction which they had in relation to suits upon guardian bonds before the adoption of the act and ordinance to which we have heretofore referred. We are clearly of opinion that such a construction of the order is inadmissible. It is unnecessary and therefore it would be improper for us to decide any question in relation to that order except the one whether it-is applicable to the present
 
 *557
 
 case. At the time when it was put forth, the Superior Courts of law had, and the County Courts had not, jurisdiction of suits upon all bonds given by guardians prior to the first day of May 1865. Full operation and effect may be given to the order by applying it to the Superior Courts, and preventing them from interposing any delay in the prosecution of such suits, without attributing to it the extraordinary efficacy of creating and conferring a jurisdiction upon courts which then had none over the subject matter; this extraordinary efficacy tobe ascribed too although it is manifest that it cannot accomplish the purpose which it is said the order had in view, that is, prevent delay! Now it is certain that this cannot be done, unless we attribute to the order the further effect of taking away from the defendants in the suits the right of appealing from the judgment of the County Court to the Superior Court. No person contends for this, and yet without it the construction insisted upon by the plaintiff’s counsel would amount to nothing in the way of a practical benefit to minor children or those coming of age, who wish to sue their guardians upon their bonds.
 

 Our conclusion is that the judgment of the Superior Court must be affirmed, and that this must be certified, to the end that the demurrer to the plea be overruled, the plea sustained and the writ quashed.
 

 Per Curiam. Judgment affirmed.