M. P. PEGRAM *v.* COMMISSIONERS OF CLEAVELAND COUNTY.

The Board of Commissioners of a County have a perpetual existence, continued by members who succeed each other, and the body remains the same notwithstanding a change in the individuals who compose it. Hence, when a writ of *mandamus* is obtained against a Board of Commissioners, and there is a change in the individual members between the time when the writ is ordered, and when it is served, those who compose the Board at the time of service must obey it.

This was the case of an application for the writ of *mandamus* tried before *Logan, Judge,* at the Spring Term, 1870, of the Superior Court of MECKLENBURG County, decided against the plaintiff and taken to the Supreme Court by his appeal. At June Term, 1870, this Court decided that the writ should be issued as prayed for, (See 64 N. C. Rep. 557.) At an election held in Agust, 1870, an entirely different set of individuals were elected Commissioners of Cleaveland

County, and afterwards qualified as such according to law. At the Fall Term of the said Superior Court of Mecklenburg, before the same Judge, the plaintiff moved a peremptory writ of *mandamus* according to the order of the Supreme Court, which was refused by his Honor, because the Commissioners had been changed, and the latter members of the Board " had not had a day in Court." From this order of refusal the plaintiff appealed.

*Jones & Johnston* for the plaintiff.
*J. H. Wilson* for the defendants.

DICK, J. This case was before the Court at last Term, (64 N. C. 557,) and " it was declared to be the opinion of this Court, that the writ of *mandamus* should be issued as prayed for."

His Honor in the Court below, declined to order the writ to be issued, because the individuals who comprised the Board of Commissioners, had been changed, and they " had not had a day in Court."

The County of Cleaveland is a municipal corporation, and "its power can only be exercised by the Board of Commissioners," &c. " All acts or proceedings by or against a County in its corporate capacity, shall be in the name of the Board of Commissioners. (Acts 1868, ch. 20.) As all the corporate functions of a county are thus to be exercised, the Board of Commissioners must necessarily have a perpetual existence, continued by members who succeed each other, and the body remains the same notwithstanding a change in the individuals who compose it.

The County is a public corporation, and has certain public duties to perform, and according to the provision of the statute above referred to, the writ of *mandamus* must be directed to the Board of Commissioners, who exercise the corporate powers, (Tapping on Man. 317,) and the individuals

who compose the Board at the time of service, must obey the writ.

There was error. Let this be certified.

PER CURIAM.                         Judgment reversed.