# DECISIONS

# SUPREME COURT OF FLORIDA.

## APRIL TERM, 1874.

J. M. RICHARDSON, APPELLANT, vs. JOSEPH T. RUSS, AP-
PELLEE.

1. The report of the findings of facts by a referee, being in the nature of a special verdict, this court will not disturb such findings when they are supported by evidence, the referee being the judge of the weight of the evidence and the credibility of the witnesses.

2. The referee is the judge of the sufficiency of the impeachment of a witness and the extent to which his credibility may have been impaired, in like manner as he is the judge of the other facts.

3. Negligence is a question of fact, also, for the referee to determine upon all the evidence in the cause relating thereto.

Appeal from the Circuit Court of the First Judicial Circuit for Jackson county.

A statement of the case is contained in the opinion of the court.

*G. S. Hawkins* and *A. H. Bush* for Appellant.

*J. F. McClellan* for Appellee.

FRASER J., delivered the opinion of the court.

This suit was brought by the plaintiff in the court below to recover several sums of money, claimed to be due him from the defendant on promissory notes, for money paid,

for goods sold, and for plaintiff's share in the results of an adventure by the parties in farming, the plaintiff claiming $4,682.34.

The defendant denied a portion of plaintiff's claim, set up set-offs in a large amount, and set up also as a defence fraud and negligence on the part of the plaintiff in the conduct of the adventure.

In December, 1868, the defendant on the one part, and plaintiff and plaintiff's father on the other, entered into an agreement for the cultivation of defendant's plantation for the season of 1869. The defendant was to furnish the use of the land as an equivalent in value to the services of the Richardsons, who were to oversee and manage the business. The expenses of cultivation and supplies were to be equally borne by the parties and the products equally divided.

After some time had elapsed and some considerable expenditures had been made, the elder Richardson died, and it was agreed that the adventure should be continued the same as though the contract had been originally made between the defendant and the plaintiff alone.

In pursuance of this last arrangement, the plaintiff continued to manage the business until the crops were secured, the major part of which was thirty-five bales of cotton, which went into the hands of defendant, were sent by him to market, sold, and the proceeds received by him.

The cause was tried by a referee, on the trial of which both parties were witnesses and told their stories as they respectively understood the facts. Their statements are in many respects flat contradictions. Many other witnesses were also sworn and testified for the respective parties.

The testimony is voluminous, and we do not deem it necessary to go over it, or to refer to it except so far as we may do so incidentally in commenting upon the report of the referee.

It is proper, however, here to remark that there is no item of the accounts of the parties, presented to the referee

and allowed by him in whole or in part, without some evidence to sustain it.

After fully considering the evidence, and giving such weight to it as in his judgment seems right, the referee reports that the plaintiff is entitled to a judgment against the defendant of $1,075.17.

In arriving at this conclusion, the referee first adjusts the accounts between the parties individually, allowing plaintiff items of his account amounting to     $1,200 30
And in like manner to defendant,     922 93

Showing balance due plaintiff of     $ 277 39
He then adjusts the copartnership accounts, and finds that the defendant has furnished the copartnership, for carrying on its business, sundry items, amounting in all to $3,601.53, and allows him a credit for one-half this amount, $1,800.76. He finds, also, that plaintiff has furnished the copartnership, for like purpose, items amounting in the aggregate to $1,751.24 and allows him a like credit of one-half, $875.62, showing a balance in favor of defendant on this branch of the account of $925.14.

The referee further finds that the defendant has received of the products of the business, $3,896.99, with half of which he charges him, $1,948.49; and that plaintiff has received also of such products, $405.18, with half of which he charges him, $202.59, showing a balance due plaintiff on this branch of the account of $1,745.90.

So that a recapitulation of the statement of the account by the referee will show—

Bal. due plaintiff in the individual account of     $ 277.39
Bal. due plaintiff from products of business,     1,745.90

Total,     $2,023.29
Am't due defendant, excess of advancements,     925.14

Showing a balance in favor of plaintiff of     $1,098.15

This corresponds with the result found by the referee in the account stated by him, and yet the judgment was rendered on the report of the referee for $1,075.17 only. How this discrepancy occurred is · not explained. But this is an error of which the appellant cannot complain, and as the plaintiff has not taken the proper steps to have the correction made in the court below, it is not proper that we should make the correction now.

The defendant appeals from the judgment of the court below, and makes fourteen assignments of error. The first twelve are simply to findings of matters of fact from the evidence before the referee, and to the allowance and disallowance of items of account depending upon the testimony in the cause.

The report of the findings of facts by the referee, being in the nature of a special verdict, this court will not disturb such findings when they are supported by evidence, the referee being the judge of the weight of the evidence and the credibility of the witnesses. This rule has been repeatedly recognized by this court.

The thirteenth assignment is, that the referee erred in not giving credit to the testimony of the defendant, in disregard of that of the plaintiff, whenever there was conflict between them. We do not see upon what principle this assignment rests. The parties, as witnesses, stand upon equal grounds, and, as witnesses, are entitled to equal credit; and if one, or the other, stands impeached generally as to character, or particularly by contradictory testimony, or contradictory statements of his own, the referee is the judge of the sufficiency of the impeachment, and the extent to which his credibility may have been impaired, in like manner as he is the judge of the other facts.

The fourteenth error complained of is, that the referee did not charge the plaintiff with damages for negligence in the management of the copartnership business and in the expenditures made. :.

Negligence is a question of fact, also, for the referee to determine, upon all the evidence in the cause relating to the subject, and upon the evidence he has determined it in favor of the plaintiff, and upon the principle already stated this finding will not be disturbed by this court.

This disposes of all the errors assigned. And we do not see that the referee has erred in any of the findings, and of the statement of the accounts between the parties the appellant has no reason to complain..

Judgment affirmed and the cause remanded.