State ex rel. Canal Company vs. City et al.

## No. 6677.

THE STATE OF LOUISIANA EX REL. THE MISSISSIPPI & MEXICAN GULF SHIP CANAL COMPANY VS. THE CITY OF NEW ORLEANS ET AL.

In case of mandamus against public officers in Louisiana, the proceeding does not abate by the retirement from office of such officers.

A mandamus does not lie against the City of New Orleans, to compel the budgeting of a judgment which is a nullity on its face.

APPEAL from the Superior District Court, for the Parish of Orleans. *Lynch*, J.

*Lacey & Butler* for the Relators and Appellees.

*Saml. P. Blanc,* Assistant City Attorney, and *C. F. Buck,* City Attorney, for the Respondents and Appellants.

The opinion of the Court was delivered by

TODD, J. The relators, claiming to be judgment creditors of the City of New Orleans, took this appeal from a judgment of the Third District Court of said City, refusing a mandamus applied for against the Mayor and Administrators of the City, to compel them to register and pay plaintiffs' judgments in the manner prescribed by the City ordinances.

The transcript was filed in this Court on the 24th of May, 1877.

On the 4th of November, 1880, the relators representing that the several defendants against whom the writ was directed no longer held the offices of Mayor and Administrators, filled by them at the time the writ issued, and denying the right of this Court to substitute the present incumbents of the offices in place of the defendants, moved the Court to declare the proceedings abated and dismiss them, without prejudice to relators' right to renew the mandamus against other parties.

This motion is opposed by the attorney representing the City.

The question presented by the motion is the only one we have to consider.

The relators contend that the mandamus necessarily abated on the retirement from the offices mentioned of the persons who then occupied them ; and they further insist that this court is without jurisdiction to substitute the present incumbents of these offices as parties.

The sole authority relied upon by the relators' counsel in support of their motion is the case of the United States vs. Boutwell, 17 Wallace, 607.

Upon an examination of that case, we find that the ruling relied on was made, as declared by the Court, under the provisions of the Stat-

ute of 9th Anne, chapter 20, Sec. 1, which was in force in the State of Maryland when the District of Columbia was part of that State, and hence, was in force in the District when the decision referred to was rendered.   The Court, by the terms of its opinion, confine the effect of the decision to the District of Columbia, for it says, quoting the language of the decision :

"Therefore, whatever may be the rule elsewhere, *here* a writ of mandamus must abate whenever the performance by the defendant of the personal duty it seeks to enforce has become impossible."

In the same decision the Court goes on to declare that the statute under which its ruling was made had been altered in England, and that a change in the officials no longer operated as an abatement of the proceeding.

. This latter view of the subject has been expressly sanctioned by many decisions of the State Courts.   15 Wis. 30; 65.N. C. 114; 2 Met. (Ky.) 56, 63, 71, 18;  B. Mon. (Ky.) 7, 13.

. And it is in accord with the doctrine laid down by writers who are held in the highest respect, and whose works are quoted as authority on the subject.   Dillon on Corporations, 700, 701, 703 ;  Willcock, 389.

A fair construction of the Articles of the Code of Practice on the subject of mandamus, which must govern the proceedings by this writ in this State, warrants the conclusion contended by the defendants in this case that the change of officers did not effect an abatement of the proceeding.

In the case of the State ex rel. Barbin vs. Secretary of State, 32 An. 579, we had occasion to show, upon the authority of prior decisions of this Court, that the writ of mandamus, as provided by our Code, was broader in its scope and intendment than under the common law, and was not to be authoritatively construed by the adjudications under that system.

We might infer from the proceedings in this case, that the views of the relators' counsel were at one time in harmony with these views. After the judgment of the lower court was rendered, but before any appeal was applied for, the change of officials took place.   If this change operated as an abatement of the proceeding, that abatement took place simultaneously with the change of incumbents.   Such abatement, had it resulted from the event mentioned would, of itself, have rendered inoperative the judgment of the lower court refusing the mandamus, and no appeal from such judgment would have been necessary.   . Yet we find that it was nearly a year after this change of officials that the appeal was applied for and taken.

: Lastly, it is urged that, the officials having gone out of office, against

whom the writ was originally directed, this Court is without authority to make the present incumbents of these offices parties; that such action would involve the exercise of original jurisdiction.

It must be understood that this writ was directed against the Mayor and Administrators of the City of New Orleans, the names of the incumbents of these offices not being known or mentioned in the proceeding. In such a case it might be reasonably held that the proceeding was essentially against the corporation, as our system of practice expressly authorizes; and in such case there is high authority for the doctrine that there is no necessity for making new parties to meet changes that may occur in the officials of a corporation; but that the incumbents who represent the corporation when the final judgment is rendered are equally subject to the decree, as would be the parties who filled the offices when the writ issued, had they still remained in office.

See authorities above cited.

But it is not necessary to decide this point; for if it should be necessary in this case to make new parties, we have no doubt of our authority to make the necessary orders therefor in aid of our appellate jurisdiction, under the express provision of Article 877, C. P., which declares, that "the Supreme Court, as well as other courts, possesses the powers which are necessary for the exercise of the jurisdiction given to it by law." And that they can exercise this power in the exigency presented by this case is the settled jurisprudence of this State. Planter's Bank, 2 An. 430; H. D. vol 1, pp. 68, 69.

The motion to dismiss the proceeding and declare the same abated is, therefore, denied.

---

BERMUDEZ, C. J. This is a proceeding for a *mandamus* to compel the City of New Orleans to budget and, by diverse processes, to pay a judgment claimed to have been legally rendered on March 20th, 1873, in favor of the relators against the City for $65,956.75, with 10 per cent. $6,595.65 and interest, the consideration whereof was a drainage assessment of two mills per superficial foot on lands owned by the City within the Fourth Drainage District.

Numerous defenses were set up by the defendants, among which the invalidity of the judgment.

There was judgment for defendants refusing the *mandamus*, and the relators have appealed.

In the matter of the Succession of Patrick Irwin, 33 An. 63, the validity of this very judgment was inquired into and passed upon.

It was declared to have been rendered without warrant of law and to be null and void as against the Succession of Irwin. This ruling in

the subsequently decided case of Delavigne, 34 An. 97, was affirmed. We have no reason to question the correctness of the views thus announced.

The judgment propounded upon by the relators being a nullity, its payment by the City can be enforced neither directly nor indirectly.

Judgment affirmed.