THE STATE, EX REL. THE SCHOOL BOARD OF OMAHA, V. ROGER S. GUTHRIE.

**Mandamus:** ABATEMENT.    An application for a peremptory writ of mandamus against a sole incumbent of a city office will abate upon such incumbent ceasing to hold or occupy such office, except in cases where such incumbent may resign such office for the purpose of evading such writ.

8

ORIGINAL application for mandamus.

*H. D. Estabrook* and *E. W. Simeral* (*R. S. Hall* with them), for relator.

*J. M. Woolworth,* for respondent.

COBB, CH. J.

This is an application by the school district of the city of Omaha for a peremptory mandamus against the marshal of said city for the enforcement of one of the ordinances of said city, which makes it the duty of the city marshal, on the first day of each and every month, to ascertain and report to the city council, at its next regular meeting thereafter, the names of all persons or firms engaged in the liquor traffic, and the place of business of each, and whether licensed or unlicensed, and to notify any unlicensed liquor dealers to at once cease said traffic, and to make complaint against all persons selling liquor without license.

The respondent appeared in this court by counsel and demurred to the application by general demurrer, and on the fourth day of August, 1884, the same counsel filed in this court an affidavit that about six weeks before the said date the said respondent had resigned the office of city marshal of the city of Omaha into the hands of the city council, which thereupon accepted the same, and since that time he has not been, nor was he at the date of said affidavit, in the exercise of the said office, but that another person, to-wit, one Cummings, has been since the resignation of said respondent, and still is, marshal of said city, etc., and that said respondent did not resign the said office on account of this proceeding or for the sake of avoiding the same, etc. It has come to the official knowledge of the

NOTE.—Mandamus lies to compel judge to sign bill of exceptions after he is out of office. *State v. Barnes,* 16 Neb., 37.

court, in the course of other proceedings, that the facts stated in the said affidavit are true.

The question is thus fairly presented to the court—whether a case of mandamus against an officer of the government, state, or city abates upon the termination of the office of the officer against whom the writ was directed.

It cannot be denied that there is a sharp conflict of authority on this question. Whichever way we may be led to decide it, we will not be without the authority of respectable courts and well reasoned cases to sustain us. I do not think, however, that those cases where the writ of mandamus has been directed to courts or boards consisting of more than one officer or person can be considered as exactly in point. In such cases, while the judges, members, or officers may change, the court or board retains its identity, and is, in a sense, the same; and in case of a mandamus against a board of commissioners it has been held that it was unnecessary for the writ to issue against any person by name, but that "the relator might omit the names and proceed against the commissioners of the town, whoever they might be." *The People, ex rel. Shuat, v. Champion,* 16 Johns., 60. See also *Pegram v. Commissioners,* 65 N. C., 114. This distinction has been often overlooked or denied by courts of the greatest respectability.

The case of *The State, ex rel. Sloan et al., v. Warner,* 55 Wis., 271, arose out of the refusal of Warner, who was secretary of state and ex officio auditor of public accounts, to audit and draw a warrant on the state treasury for the amount of the bill of Sloan and his partners, a firm of attorneys, for services in protecting the interest of the state in certain timber lands belonging to one of the trust funds of the state. One of the points presented on the part of the defense was, that at the time of the final hearing the term of office of Warner had expired, and his successor was in possession of the office, etc. A peremptory writ was issued, and in the able opinion of the court many cases are cited

where the respondents were boards of commissioners, and no notice is taken of the distinctions between those cases and one against a sole officer.    While it will not be denied that this case is authority for the position taken by counsel for the relator in the case at bar, yet I think that the manifest justice of the relator's claim in that case, and the persistent and technical defense by which it was resisted went far toward controlling the court in its disposition.    And the court but followed its own decision in the case of *The State, ex rel. Bushnell, v. Gates,* 22 Wis., 210.    And it should not be forgotten that this latter case was one in which the remedy by mandamus was invoked to compel the levying of a tax to pay the interest on bonds, and so was one of a class of cases notoriously prolific of strained and doubtful law.

On the other hand, it has been held by the supreme court of the United States, in at least two well considered cases, that, in the absence of statutory provisions to the contrary, on the death or retirement from office of a sole original defendant in case of a mandamus to compel the performance of an official duty the writ will be held to abate.    *United States v. Boutwell,* 17 Wall., 604.    *The Secretary v. McGarrahan,* 9 Id., 298.    These cases we are inclined to follow, as containing the more satisfactory construction of the law and less likely to lead to injustice than the other. It seems to be admitted in some of the opinions which hold that the writ does not abate that, in order to charge the defendant in the nature of contempt, it is indispensable that he should have personal notice of the proceeding, a proposition which is quite self-evident, and furnishes a strong illustration of the futility of issuing a writ containing a command which it is conceded may not be enforced.

It should be stated that no application has been made to the court to amend the papers in this case so as to make the present incumbent a party, nor has any notice been served on such incumbent to the knowledge of the court.

The cause is therefore held to have abated, and its further consideration is dismissed.

JUDGMENT ACCORDINGLY.

