THE STATE OF FLORIDA EX REL. J. D. MATHESON & CO., PLAINTIFFS, VS. THOMAS F. KING, CIRCUIT JUDGE, DEFENDANT.

Mandamus lies to compel a court to exercise its lawful jurisdiction where it refuses to take jurisdiction or to proceed in the exercise thereof ; but not for the correction of errors committed while exercising jurisdiction, nor where, as in this case, it is not shown that an error was committed while exercising jurisdiction.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the court.

Motion for peremptory writ.

*W. W. Hampton* and *Robert W. Davis* for Plaintiff.

RANEY, C. J.:

The alternative writ shows that relators are the owners of a judgment rendered in the "county court" of Alachua county for $96.54 against Thomas Little and Arthur Simmons, and that on September 30th, 1884, they took out a writ of garnishment thereon against the trustees of the Union Academy, and the trustees acknowledged an indebtedness to defendants, and the judgment defendants moved the "county court" to dismiss "the case and the garnishment proceedings," and on December 8th, 1884, it dismissed said proceedings; and that two days after relators perfected their appeal to the Circuit Court of Alachua county, the defendant being judge thereof, from such judgment of dismissal, and filed a transcript of the record in such Circuit Court at the ensuing term; and upon the coming in of such transcript they filed their assignment of errors, setting forth the errors of which they complained. That upon such appeal coming on to be heard on December 18th, 1885, the appellees moved to dismiss the same on the ground that "there was no bill of exceptions filed in this cause as provided by law, and the record does not show that there were any exceptions to the ruling of the lower court noted," and thereupon the Circuit Court gave judgment that the motion be granted and the appeal be dismissed for want of said bill of exceptions and noting of exceptions; and the said judge has since and does now refuse to entertain said appeal or hear relators upon the errors of said county judge. The command of the writ is that the Circuit Judge restore and reinstate such appeal and hear petitioners upon the question of errors alleged to have been made by the county judge, or show cause at the time designated.

To this writ Judge King made a return, and afterwards a further return, the material effect of the two being as follows:

1st. The appeal transcript does not show that the garnishees acknowledged an indebtedness to the judgment defendants, Simmons & Little; but it was admitted in argument, by counsel for plaintiffs and defendants in execution that the garnishees did acknowledge their indebtedness to the defendant, Arthur Simmons, and that such garnishees paid into the registry of the County Court $150 by consent of all the parties entered into in writing to abide the determination of said garnishment proceedings, and the garnishees were discharged from further liability thereunder.

2nd. That the county judge did not send up to the ensuing term of the Circuit Court a transcript of all the record in the cause, but at such term (Spring term, 1885) there was presented to the court for its consideration on appeal a number of loose and detached papers purporting to be garnishment proceedings in the suit of Matheson & Co. vs. Simmons & Little, and the latter parties moved to dismiss the appeal because there was no record, which motion the court refused, and made "an order that the case be sent back in order that a certified copy might be sent up," and a certified copy was sent up to the Fall term, 1885.

3rd. That the record does show there was no bill of exceptions, and no exceptions taken to any of the rulings in the court below.

4th. That the appeal was brought before the Circuit Court and it proceeded to consider the same, and it appearing that there was no bill of exceptions by which the errors of the court below, if any, could be brought before the court for its consideration, the

court decided that it should not inquire into any such errors, and rendered its judgment accordingly and dismissed the appeal.

The alternative writ does not show the grounds upon which the county judge dismissed the garnishment proceedings, nor is the record of the county judge's court, or the assignment of errors, before us. The pleadings before us do not show what the assignments of error were. Neither the writ nor the return thereto indicate that the Circuit Judge denied the appellate jurisdiction of the Circuit Court; on the contrary. tl e return clearly shows that the appeal was considered. and on such consideration it was dismissed on the ground that there was no bill of exceptions by which the errors, if any, of the lower court could be inquired into. Upon this record it can not be said that the Circuit Judge refused to consider assignments of error relating to the record proper, or held exceptions, or a bill of exceptions, to be necessary to the consideration of alleged errors apparent upon the record. It does not appear that there were any such assignments of errors. It may be surmised, but the record nowhere shows it. A judgment of affirmance, instead of one of dismissal, may have been the proper judgment for the Circuit Judge to have entered, but the relator has no ground for complaint on this score. Mandamus lies to compel the court to exercise its lawful jurisdiction where it refuses to take jurisdiction, or to proceed in the exercise of it (State *ex rel.* vs. Young, 31 Fla., 594, and authorities cited, 12 South. Rep., 673, 19 L. R. A., 636), but not for the correction of errors committed while exercising jurisdiction. *Ex parte* Brown, 116 U. S., 401; *Ex parte* Morgan. 114 U. S., 174; *Ex parte* B. & O. R. Co., 108 U. S.. 506. See also other cases cited in State *ex rel.* vs. Young, *supra.* · Here, however, it

does not appear even that the assignments of error were of such a character that they or any one of them could be considered in the absence of a bill of exceptions, or that there has been any error committed in the exercise of jurisdiction.

In disposing of the case we do not commit ourselves upon the rather vexed question: Whether or not a proceeding of this kind is abated by a change in the incumbency of the office. Merrill on Mandamus, Section 238; High on Ex. Legal Remedies, secs. 37, 38; County Commissioners vs. Bryson, 13 Fla., 281; State *ex rel.* vs. Gates, 22 Wis., 210; State *ex rel.* vs. Warner, 55 Wis., 273; Lindsey vs. Auditor, 3 Bush, 231; Hardee vs. Gibbs, 50 Miss., 802; St. Louis County Court vs. Sparks, 10 Mo., 117; State vs. Puckett, 7 B. J. Lea (Tenn.), 709; People vs. Wexford Co. Treasurer, 37 Mich., 351; People vs. Bacon, 18 Mich., 247; State *ex rel.* vs. Guthrie, 17 Neb., 113; Thompson vs. United States, 103 U. S., 480; Secretary vs. McGarrahan, 9 Wall., 298; U. S. vs. Boutwell, 17 Wall., 604.

The relators, however, are entitled to no relief on the case submitted, and the peremptory writ will be denied. It will be ordered accordingly.