THE STATE OF FLORIDA EX REL. ANTONIA E. SANCHEZ, RELATOR, VS. RHYDON M. CALL, JUDGE, ETC., RESPONDENT.

MANDAMUS—LIES TO COMPEL EXERCISE OF JURISDICTION POSSESSED BY A COURT—REFEREE—JUDGMENT OF IS THE JUDGMENT OF THE COURT MAKING THE REFERENCE—PROCEEDINGS SUBSEQUENT TO APPEAL FROM JUDGMENT OF REFEREE.

1. Where an appellate court of last resort, on an appeal from a final judgment rendered by a referee in a cause against an executor of a decedent, reviews and affirms the *findings* of law and fact by the referee, but reverses the final judgment entered by him because of defect merely in the *form* thereof, pointing out in its judgment of reversal that such referee's judgment should have been against the defendant executor in his representative capacity to be enforced *de bonis testatoris*, instead of being against him individually to be collected *de bonis propriis*, as the same was erroneously entered by the referee; and where the appellate court in such case does not order a *venire de novo*, but remands the cause with directions "that such further proceeding be had therein as is authorized by law," nothing further is necessary or proper to be done in the court below than to rectify the defect in form of the judgment entered by the referee, by the entry of a correctly framed judgment in its stead in conformity to the record findings of the referee; and the duty of making such correction, in such a case, devolves upon the Circuit Judge in whose court the judg-

20

ment appealed from was entered. In such a case the entry of
a correctly formed judgment in lieu of the defective one en-
tered by the referee is purely a ministerial duty, and mandam-
us will lie against the Circuit Judge to compel its perform-
ance.

2. When a court refuses to exercise jurisdiction that it clearly pos-
sesses, mandamus is the proper remedy to compel its exercise.

3. Under our statutes where a cause is referred to a practicing at-
torney for trial as referee, such reference does not operate as a
transfer of the cause to another tribunal or court, but it re-
mains at all times a cause pending *in the court making the
reference;* the referee being substituted simply in the place
and stead of the official judge and jury over the particular
case. His judgment therein goes upon the records of the
court as the *judgment of such court* ; and when the time ex-
pires in which he can grant a new trial or settle a bill of ex-
ceptions for the appellate court, in case of appeal, he becomes
*functus officio,* and his authority over the case ceases. An ap-
peal or writ of error, when taken in such a case, is not as from
the judgment of a *ccurt of a referee* (our law recognizes no
such tribunal), but is from the judgment entered by the refe-
ree as being the judgment of *the court making the reference.*
The mandate of the appellate court, upon an affirmance or
reversal of such a judgment, is addressed to *the court* that
made the reference, and not to the referee. Our statute ex-
pressly provides that upon a reversal of such a judgment by
the appellate court, *the court from which the appeal was taken*
may refer the cause to the same or another referee, if the par-
ties consent thereto, or may proceed with the cause as in other
causes before the court.

4. The findings of a referee upon the facts in a cause will be re-
garded by an appellate court, upon an appeal or writ of error,
in the same light as the verdict of a jury, and such findings
upon the facts will not be disturbed except under the same
circumstances and conditions that the verdict of a jury would
be overturned in a like case.

5. Where an appellate court reviews and affirms the findings of law
and fact by the court appealed from, but reverses the final
judgment entered because of purely *formal* defects in the
judgment itself, it is proper for the appellate court, in its judg-
ment of reversal, expressly to direct the entry of a correctly
formed judgment in place of the one it finds to be defective in
form.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*W. W. Dewhurst, Henderson & Raney*, for Relator.

*M. C. Jordan, W. A. Mac Williams*, for Respondent.

TAYLOR, J.:

Antonia E. Sanchez, the relator, in the suit in the Circuit Court of St. Johns county, against John Lott Phillips, as executor of John Lott Philips, deceased, that was tried before a referee, recovered judgment for $540, besides costs. Phillips, the defendant executor, took writ of error to this court, and the cause was decided here at the January term, 1895 (35 Fla. 187, 17 South. Rep. 363). This court held, in effect, that the *findings* of the referee were correct on the facts of the case, but that the *form* of the judgment entered on these findings was improper, it being a judgment in form against John Lott Phillips, *de bonis propriis*, when it should have been against him in his representative capacity as executor *de bonis testatoris;* and, solely upon the ground of this defect in the *form* of the judgment, the same was reversed with directions that the cause be remanded for such further proceedings as may be authorized by law.

After the mandate of this court in the cause had gone to the court below, the plaintiff, Antonia E. Sanchez, made before the respondent, as judge of the Circuit Court of St. Johns county, the following motion in the cause: "Now on this day comes the said Antonia E. Sanchez, by W. W. Dewhurst, her attorney, and moves the court, the Hon. R. M. Call, Judge, in

vacation, for an entry by the court of a proper judgment upon the findings of the referee in the above entitled cause, in accordance with the mandate of the Supreme Court directing such further proceedings as may be authorized by law, which mandate is dated May 17th, 1895." Upon which motion the respondent, as judge, made the following order: "Upon consideration of the above motion it is considered that the same be and is hereby denied, on the ground that the court can not enter final judgment on the findings of a referee, *nunc pro tunc*, after the judgment has been reversed by the Supreme Court of the State."

The relator, Antonia E. Sanchez, now invokes the aid of this court by mandamus, of which we have original jurisdiction, to require the respondent, as judge, to proceed in said cause and to enter judgment therein in compliance with her motion to that effect and in consonance with the former decision of this court in said cause.

The respondent meets the alternative writ issued with a motion to quash the same upon the following grounds: 1st. The said writ seeks to compel the respondent to enter a judgment at a time and in a manner in said cause not authorized by law. 2d. The said writ seeks to compel the respondent to the performance of an act which is not within the proper exercise of his jurisdiction. 3d. The said writ seeks to control the judicial discretion of the respondent. 4th. The said writ seeks to compel the respondent to give judgment in the cause therein mentioned, not in accordance with his own views, but in conformity with the opinion of the appellate court, in a matter wherein the said court did not, in remanding the said cause, direct the respondent to perform the particular act in said writ now required. 5th. The said writ seeks to sub-

stitute the judgment of the appellate court for the judgment of the respondent. 6th. The said writ seeks to compel the respondent to construe a statute of this State in a manner different from his construction of the same, in the exercise of the judicial discretion and judgment invested in him by the Constitution and laws of the State of Florida. 7th. The said writ seeks to perform the functions of a writ of error. 8th. The said writ shows that the relator, even if originally entitled to the relief now sought, has lost her right thereto by laches.

But two questions are presented by these objections, *viz:* 1st. Was the entry of the judgment in proper form, as pointed out in the decision of this court, upon the record findings of the referee in response to the motion of the relator a duty that devolved by law upon the respondent as Judge of the Circuit Court? 2d. If its entry was such duty of the Circuit Judge, does mandamus lie to require its performance by him; or is it a matter so involving judicial discretion as that it can not be controlled by mandamus? Our statutes provide that any civil cause may be tried before a practicing attorney as referee upon the application of the parties. Such referee over the case referred to him has all the powers of the court in which the cause is pending. He is required to file his findings, decision and judgment in writing in the office of the clerk of the court in which the case is pending, and after the lapse of the time allowed for making motion for new trial, his judgment becomes of like force and effect as other judgments or decrees of said court. Writs of error or appeals when taken from such judgments are taken in the same manner as appeals or writs of error from other judgments of the court making the reference; and, lastly, it is provided that upon a

reversal or any such judgment of a referee by the appellate court, *the court* from which the appeal was taken may refer the cause to the same or another referee to be agreed upon by the parties, or may proceed with the cause *as in other causes before the court*. Section 1 to 11 inclusive, pp. 857, 858, 859 McClellan's Digest; sections 1230 to 1236 inclusive Rev. Stat. From these provisions of the law it will be seen that a referee sits in a cause *in loco judicis*. That the reference to him does not operate as a transfer of the case to another tribunal or court, but that it remains at all times a cause pending *in the court* making the reference, the referee being simply substituted in the place and stead of the official judge and jury over that particular case. His judgment goes upon the records of the court as the *judgment of such court;* and when the time expires in which he can grant a new trial, or settle a bill of exceptions for the appellate court, in case of appeal, his power and authority over the case ceases, and he becomes *functus officio*. Mundee vs. Freeman, 23 Fla. 529, 3 South. Rep. 153. The appeal when taken is not as from the judgment of a *court of a referee* (our law recognizes no such judicial tribunal), but is from the judgment of the referee as being the judgment *of the court making the reference*; and the mandate of the appellate court, upon an affirmance or reversal of such judgment, is addressed to *the court* who made the reference, and not to the referee. Upon a reversal of such judgment by the appellate court, the statute expressly provides that *the court from which the appeal was taken* may refer the cause to the same or another referee, if the parties consent thereto, or may proceed with the cause as in other causes before the court. This court has repeatedly held, in effect, that the findings of a referee upon the facts in a

cause will be regarded in the same light as the verdict of a jury, and that it will not disturb such findings upon the facts except under the same circumstances and conditions that it would overturn the verdict of a jury in a like case. Holland vs. Holmes, 14 Fla. 390; Richardson vs. Russ, 14 Fla. 463; McClenny vs. Hubbard, 20 Fla. 541; Wharton vs. Hammond, 20 Fla. 934. What status, then, did this cause occupy before the Circuit Court upon the rendition of the judgment of this court reversing the judgment entered by the referee, upon the sole ground of the defect *in form* in such judgment? From what has been said it is clear that it stood before the court in the same attitude exactly as though a jury had been waived and the issues of law and fact therein had been submitted to the Judge of the court himself and he had found for the plaintiff, and had inadvertently entered a judgment upon his conclusions defective merely in form; or as though the cause had been submitted to a jury and they had returned a verdict, and a judgment, defective merely in form, had been entered thereon. This being true, no other step was open to the court below in the cause, after the decision of this court fully reviewing the merits and affirming the findings of the referee upon all the issues involved, than to enter another judgment, correct in form, in conformity to the decision of this court, in place of the defective judgment. We think that under the provisions of the statutes mentioned it was clearly the duty of the Circuit Judge to have rectified the defect in the judgment entered by the referee, as pointed out by the decision of this court, by the entry of a correctly framed judgment in its stead in conformity to the *findings* of the referee. This court, under the circumstances, could properly, and, we think, should have, expressly by its decision, re-

quired the entry by the court below of a correct judgment in place of the one it held to be defective in form. McNultra vs. Ensch, 134 Ill. 46, 24 N. E. Rep. 631; Powell vs. Holman, 50 Ark. 85, 6 S. W. Rep. 505; Fort Scott vs. Hickman, 112 U. S. 150, 5 Sup. Ct. Rep. 56; Neal vs. Spooner, 20 Fla. 38. But although we did not so expressly direct its entry, yet we think it is clearly pointed out in the decision that such was the proper step to be taken, and the only proceeding to be had further in the cause; and, we think, that it was practically required to be taken in that clause of the decision and mandate that directs ''that such further proceeding be had in the cause as is authorized by law.''

We do not think that the application for mandamus here is subject to the criticism that it undertakes to control or coerce the judgment or judicial discretion of the court below. The parties have all had their day in court, and all material issues between them have been fully adjudicated, and nothing remains to be done in the cause but the entry of a formal judg- ment in consonance with the decision of this court and in conformity to the record findings of the referee, which findings this court has found to be correct and free from error. Under these circumstances the act of entering a formal judgment is ministerial, and man- damus lies to require its performance. Life and Fire Insurance Co. of New York vs. Wilson's Heirs, 8 Pet. 291. The denial of the relator's motion for the entry of a formal judgment upon the findings of the referee is nothing more, under the circumstances of this case, than a refusal by the Circuit Judge to proceed in the exercise of jurisdiction that he clearly has in the premises, and in such a case it is well-settled that man- damus is the proper remedy. *Ex parte* Parker, 131

U. S. 221, 9 Sup. Ct. Rep. 708; *Ex parte* Parker, 120 U. S. 737, 7 Sup. Ct. Rep. 767; State *ex rel.* vs. Young, 31 Fla. 594, 12 South. Rep. 673; State *ex rel.* vs. King, 32 Fla. 416, 13 South. Rep. 891.

The respondent's motion to quash the alternative writ of mandamus is overruled, and a peremptory writ will be awarded.