Bissell, J.
The sale of the Glenarra Hotel by Crow, the defendant in error, led to this suit by Troth to recover commissions which he claimed to have earned as a broker. The transactions occurred early in 1889. Crow was then attempting to sell the hotel, and had put it on the market at a definite price. Troth was the lessee of the property in possession. Both the contract and the performance were putin issue. It will no.t be useful to discuss the evidence, since none of the errors assigned and relied upon in the argument suggest any questions which necessitate its consideration. What is chiefly depended on to reverse the case is the action taken by the court in suppressing Troth’s deposition. The plaintiffs procee Led, in the first instance, to take the evidence on a two days notice under an order, which, if *455 regularly obtained, would make this notice legal. It appeared that on the presentation of an affidavit bringing the case within the provisions of sections 341 and 342 of the Code of 1887, the court made this order without notice to the other party. The record is silent as to just what the court did on the motion to suppress for this irregularity, but leave was granted to re-take the deposition. What was done under this order need not be considered, because this deposition is not in the record. In the meantime the plaintiff Troth died, and his widow was substituted as plaintiff. It was then insisted that the original deposition could be used, because the court had made no definite order removing it from the files. The defendant then attacked the deposition by another motion, and assigned other departures from the statutory regulations. On this hearing it was made evident that the plaintiff had sent written interrogatories to the notary, who had put the questions to the witness, reduced the answers to writing, and in this manner had completed the deposition. The motion was granted and this evidence was not permitted to be used. This is assigned for error. In view of the conclusions arrived at, it is scarcely necessary to decide whether it should have been suppressed for this last named irregularity, since it was properly rejected. While no cross-error has been assigned attacking the action of the court in this particular, it would be folly to be astute to find reasons to sustain it. Should the case be reversed, the court would, on a renewal of the motion, be compelled to hold that the deposition was not properly taken. The first order was entered without any notice of the motion upon which it was based. It has been seriously contended in argument that the statute concerning the taking of depositions evidently contemplates the entry, without notice, of an order to shorten the time within which the party applying may proceed, since to hold otherwise would sometimes operate to prevent the attainment of the special relief contemplated. This argument ab inconvenienti is no response to the absolute provisions of sections 371 and 372 of the *456 Code of 1887, as they have been construed by the supreme court. They definitely provide that every order entered by the court, otherwise than during the progress of a trial, must be made upon motion of which notice must be given. They have been repeatedly construed and have universally been held to be mandatory, and all orders entered otherwise than upon motion and notice have been adjudged to be irregularities, for which a cause will be reversed. Cates et al. v. Mack, 6 Colo. 401; Mallan v. Higenbotham et al., 10 Colo. 264; Hughes v. McCoy, 11 Colo. 591.
Since the order shortening the time to take Troth’s deposition was obtained without notice, it was irregularly entered, and the original motion to suppress the deposition should for that reason have been sustained. Whether the action which the court took in suppressing it, upon the motion subsequently filed, was based upon a reconsideration of this question cannot be learned from the record. But the motion should have been granted, even upon the grounds then stated, because the deposition was not taken in accordance with the statute regulating the manner of taking depositions on a commission. If the deposition of a witness in the state, living outside of the county, is to be taken on interrogatories, it must be done under a commission directed to the officer taking it. The officer designated is without authority to conduct or carry on the examination, unless he act under a writ issued by competent authority. If the witness is to be otherwise examined, then it must be upon an oral examination conducted by some person other than the officer. It is idle to say, in response to this contention, that no harm can come to the opposing party if the examination be conducted by the officer rather than by a representative of the person taking the testimony. It is not a question of prejudice. It is simply a question of power. The statute authorizes the officer to act and examine the witness when he is clothed with the authority expressed by a writ issued under the seal of the court; he is without it in the other case, and being without it his procedure is illegal and unjustifiable, and *457 what he does is without the sanction of the law. It would be decisive of the question, and enough, probably, to hold that in all cases to sustain a deposition which has been taken the party contending for its admission must show a statutory authoritj, to conduct it, and a compliance with that authority fairly within its purview. The reasons simply support the proposition.
It has been further contended that the court erred in instructing the jury in regard to the law of commission and brokerage. Under the peculiar facts of this record it cannot be said that the rule which the court expressed is in conflict with the case of Anderson v. Smythe, decided by this court at the present term. The error based upon the action of the court in excluding certain questions put to a witness upon cross-examination does not justify a reversal. As to one of them it may be said, that the witness subsequently testified and gave answers which put in proof the very matter in regard to which he was interrogated under the question-excluded by the ruling of the court. As to the other, the inquiry seems not to be relevant to the issue, or to the examination, and its rejection could not have been prejudicial to the plaintiff in error.
Whatever the law may be on the matters involved in the errors assigned, aside from what may be predicated on the exclusion of the evidence contained in the suppressed deposition, the case should not be reversed, even though the action of the court below could not be sustained. The record would not support a judgment for the plaintiff. There was no proof of an employment on which the jury were entitled to find a verdict for him. Where it is evident that the plaintiff- cannot recover on the case which he has made, it is not the duty of an appellate tribunal to reverse the cause for errors of law committed at the trial, and subject the parties to continued litigation and expense by affording him an opportunity to re-try an issue whereon he has failed to offer sufficient proof to uphold a judgment. Clanton v. Ryan, 14 Colo. 419.
*458 While this case does not, perhaps, go quite as far as the proposition above stated, it does hold that no error committed by the court in refusing to admit competent testimony excuses the production of evidence necessary to support a material averment which must be proven to entitle the party to recover. The principle is the same. If the plaintiff has failed to sustain a material averment, and there is not enough in the record to support a judgment, had it been rendered his way, he cannot ask a reversal because of the' mistakes of the trial court in other particulars.
Perceiving no substantial error in the record compelling a reversal of the judgment, it will be affirmed.

Affirmed.