**[No. 3677.]**

NANCE (MULNIX SUBSTITUTED, KEPHART SUBSTITUTED), STATE TREASURER, v. THE PEOPLE EX REL. SHEEDY.

1. OFFICE AND OFFICERS—PARTIES—SUBSTITUTION—NOTICE—ATTORNEY GENERAL.

The attorney general is not ex officio counsel for the state treasurer and other state officers, but, when requested to do so, it is his duty to appear for such officers in actions brought against them in their official capacity. Where the attorney general appeared for the state treasurer in an action brought against him, he is presumed to have

been authorized to do so, and at the expiration of his term of office, it was the duty of his successor to take his place as counsel in the cause for the state treasurer, and the suit being against the treasurer in his official capacity, his successor in office was properly substituted and the attorney general became the counsel of the substituted treasurer without further request, and notices of motions were properly served on him as counsel for such treasurer.

2. PRACTICE—MANDAMUS—MOTION—NOTICE—AMENDMENT.

An application to file an amended or supplemental petition in mandamus proceedings, and an application for an order for a supplemental writ, are motions of which the adverse party is entitled to notice under section 372, civil code. An amendment to a petition for mandamus, after the issue of law raised by demurrer is tried, is not permitted as of course, and a party cannot be required to plead to such amendment, made without notice, and a judgment based upon an amended petition and supplemental alternative writ, leave to file and issue which was obtained ex parte, was erroneous.

3. PRACTICE—MANDAMUS—DEMURRER—ALTERNATIVE WRIT.

In a mandamus proceeding the alternative writ becomes the primary pleading in the case, and a demurrer on the ground that a cause of action is not stated should be directed to the writ, and not to the original petition.

4. SAME.

A general demurrer may be interposed to an alternative writ of mandamus, but a failure to do so, in the court below, is not a waiver of the objection that it does not state facts sufficient to entitle the relator to the relief demanded, and such question may be raised on appeal or error.

5. MANDAMUS—ALTERNATIVE WRIT.

An alternative writ of mandamus must show by the facts stated a clear, legal right to have the act performed, which is sought by such writ, and that it is the plain, legal duty of the respondent to perform it.

6. SAME.

In a mandamus proceeding, to require the state treasurer to pay a certain warrant, an allegation in the alternative writ to the effect that by an act of the general assembly funds sufficient were appropriated for the payment of the warrant in question, shows merely that an appropriation was made to pay such warrants as may be properly drawn on the fund and not for the payment of any particular or specified warrant. An allegation that there was collected and paid into this fund and into the treasury of the state, funds sufficient to pay the warrant, does not show that the funds were applicable to the payment of the warrant in question. An allegation that there has been collected and paid into the treasury to the credit of the fund on which the warrant was drawn, money sufficient to pay all others drawn on the same fund of prior date and number to the

one in controversy, is not an allegation that there are not other warrants entitled to be paid in advance of the one in controversy, since warrants are paid in the order of presentation and registration, and not in the order of issue. And an allegation that the warrant in controversy was presented and payment demanded at a time when funds which had been levied, collected and paid into the state treasury, applicable to the payment of such warrant, were in the hands of the treasurer, was based upon the preceding allegations, and did not aid the writ. An alternative writ containing only the foregoing allegations, was insufficient to state a cause for writ of mandamus against the treasurer to require him to pay the warrant.

7. OFFICES AND OFFICERS—PRESUMPTION—MANDAMUS.

In a mandamus proceeding to require the state treasurer to pay a warrant, the court cannot indulge any presumption in favor of the relator, but it will be presumed that state officials perform their duties according to law, and this presumption obtains until the contrary is shown.

*Error to the District Court of Arapahoe County.*

THIS action was originally commenced by defendant in error against Nance, state treasurer, for mandamus, requiring him to pay a warrant drawn by the state auditor. The alternative writ issued, and was served upon the respondent Nance, who demurred to the petition. This appearance was by Hon. Eugene Engley, then attorney general. Before this demurrer was heard, the term of Nance expired, he having been succeeded by Mulnix as state treasurer. Attorney General Engley's term had, also, expired, and he was succeeded by Hon. Byron L. Carr, as attorney general. After these changes in the personnel of the incumbents of the respective offices above named, the relator filed his motion to substitute Mulnix as the respondent in the case, and served notice of such motion upon Attorney General Carr. In pursuance of this notice, the motion for substitution was heard and sustained, there being no appearance on the part of either respondent Nance or Mulnix, in opposition to this motion. Subsequent to the order of substitution, there was served on Attorney General Carr a notice of relator, that he would apply on a date specified, to have the cause set for hearing upon the demurrer filed by Nance, and a date for the hearing of the demurrer having

been fixed under this notice, relator caused to be served upon both the attorney general and Mulnix notice of the time so fixed, and the place where the demurrer would be heard. Pursuant to this last notice, the demurrer was submitted and overruled, and a rule entered requiring the defendant and respondent to plead to the petition and alternative writ within forty-eight hours from the date of the hearing. Neither the original respondent, nor Mulnix appeared at this hearing. After these proceedings, relator applied *ex parte* and obtained leave to file an amended supplemental petition for mandamus, and an order for a supplemental alternative writ, which was issued but not served.

Thereafter notice was served on Mulnix, by counsel for relator that the demurrer of Nance had been overruled, and recited the time within which further plea should be made to the petition and alternative writ; that the time for such further plea had been extended to a date named; that an amended supplemental petition had been filed by relator, in the cause, and the supplemental alternative writ issued, to which, as stated in the notice, all further pleadings on the part of the defendant and respondent should be directed. No plea having been filed by Mulnix or the original respondent, within the time specified in such notice, or at all, the default of the former was entered for failure to make return to, or answer, the supplemental alternative writ within the time fixed by the court, and thereafter judgment was entered in favor of the relator, on the amended supplemental petition and writ issued thereon, and he was awarded a peremptory writ of mandamus against Mulnix, requiring him to pay the warrant in controversy. On the service of this latter writ, Mulnix appeared specially, and filed a motion to quash, which was denied. Since the removal of the cause into this court, George W. Kephart has been substituted as plaintiff in error.

Mr. BYRON L. CARR, attorney general, and Mr. CALVIN E. REED, for plaintiff in error Mulnix. Mr. S. W. WIDNEY, for plaintiff in error Kephart.

Mr. DANIEL E. PARKS, for defendant in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

This record presents the following propositions : *First*, was Attorney General Carr the attorney for Mulnix in this action ? *Second*, was it proper to substitute the latter as the respondent in the case ? *Third*, did the court have the authority to enter a judgment and direct issuance of the peremptory writ on the supplemental alternative writ issued, on the amended petition filed ?

The first and second propositions will be considered together. The point is made by plaintiff in error that the attorney general upon whom the notice of motion for substitution was served, as, also, the notice relating to the demurrer to the petition, was not counsel for Mulnix, not an attorney in the case, and, therefore, the service of such notices was without effect. It is the duty of the attorney general, at the request of the state treasurer and other state officials, to defend all suits against them relating to matters connected with their respective departments. Mills' Ann. Stats. sec. 1784. He is not *ex officio* their counsel, but, when requested by them, shall appear in causes brought against them in their official capacity. It is made the duty of the attorney general to deliver to his successor a record of the actions defended by him, and of all proceedings had in such causes. Mills' Ann. Stats. sec. 1787. Attorney General Engley having appeared for the respondent Nance, it must be presumed he was properly requested to so appear. Such request and appearance charged the office of the attorney general with the duty of defending the suit, and, as it is not claimed that this office was relieved of such duty by the action of either respondent Nance or his successor, Mulnix, the fact that the term of Attorney General Engley expired did not relieve that office from the discharge of such duty, as it was an official one pertaining to the office of attorney general, and not to the person who at any one time chanced to

be the incumbent of the office; and Hon. Byron L. Carr having succeeded as attorney general, the duty of his predecessor devolved upon him, and in his official capacity he was, therefore, counsel in the case. *People v. Carson,* 78 Hun (N. Y.), 544. Whether or not the service of the notices above mentioned upon Attorney General Carr would be service upon Mulnix must depend upon the relationship of the latter to the case, and the power of the court to substitute him as the respondent in the action. The suit was commenced against the original respondent in his official capacity. The obligation which relator sought to enforce, if the allegations in the alternative writ were true, was a duty devolving upon no particular state treasurer, but was perpetual, upon the then incumbent of that office, and his successors, unless legally excused; and, consequently, the action would not abate by reason of the expiration of the term of office of the official against whom the action was originally commenced. Sec. 15, code. To hold otherwise would be a sacrifice of substance to mere form; result in a denial of justice, and might prevent actions of this character being disposed of upon their merits, because, in many instances, before the cause was finally decided, the incumbents of the office would change, and with each change the relator would be compelled to commence his action *de novo. People v. Collins,* 19 Wend. 55; *State v. Common Council,* 15 Wis. 30; *State v. Gates,* 22 Wis. 210; *Maddox v. Graham,* 2 Met. (Ky.) 56; *Pegram v. Commissioners,* 65 N. C. 114; *State v. Warner,* 55 Wis. 271. The action was commenced against the state treasurer officially, to compel him to perform an official act. It was not against the individual holding that office, or one against him personally, except as a means to work out the redress to which relator claimed he was entitled. His cause of action survived the change in the office of treasurer. Mulnix, at the time of the motion to substitute him as respondent, was the official against whom the action was pending. The official duties of his predecessor, except when legally excused, devolved upon him in the same capacity. If the peremptory writ issues in cases

of this character, it must be directed to the officer in office at the time it is ordered. It was, therefore, proper to substitute him in his official capacity as the respondent in the case. *Lindsey v. Auditor*, 3 Bush (Ky.), 231; *People v. Reeder*, 37 Mich. 351; and Attorney General Carr, by virtue of his office, under the circumstances narrated, being the counsel in the case, he was the attorney of Mulnix in his official capacity, and a notice of motion for substitution, as well as that relating to the demurrer, was properly served. Code, sec. 376. The court of appeals, in the recent decision of *Parks, Auditor, v. Hays*, has reached the same conclusion relative to the substitution of the incumbent of an office for his predecessor, where the action is against such incumbent in his official capacity.

The code, sec. 372, directs that written notice shall be required in all cases except those made during the progress of the trial. Every direction of the court, entered in writing and not included in a judgment, is an order, and an application for an order is a motion. Code, sec. 371. The application of defendant in error for leave to file an amended or supplemental petition was a motion, and so was the application for an order for the supplemental writ. Mulnix, under the provisions of the code cited, was entitled to notice of these applications. *Nevitt v. Crow*, 1 Colo. App. 453; *Taylor v. Derry*, 4 Colo. App. 109; *Mallan v. Higgenbotham*, 10 Colo. 264. He had a right to be heard in opposition to each. Without notice he was deprived of that right. This was not a case where an amendment to the petition would be permitted as of course. The issue of law raised by the demurrer had been tried. There is no authority for the method adopted in this case, of notifying an adverse party of the proceedings had relative to amendments of the character under consideration, and thereby require him to plead to amended pleadings, leave to file which was obtained without previous notice. The judgment was based upon the amended petition and supplemental writ, leave to file and issue which was obtained *ex parte*. This was error.

It is also urged by plaintiff in error that neither the original nor supplemental alternative writs state facts sufficient, entitling the petitioner to have the act performed which he asks. As the cause must be remanded for further proceedings, this question will also be determined.

The demurrer filed by respondent Nance was directed to the original petition. In order to raise this question properly in the court below, it should have been directed to the writ itself, as the alternative writ becomes the primary pleading in the case, which must be examined for the purpose of ascertaining if it state a cause of action. *Wheeler v. Northern C. I. Co.*, 10 Colo. 582; Morrill on Mandamus, § 253. In proceedings of this character the ordinary rules, as prescribed by the code, govern, except in so far as they may be special, as provided by the chapter of the code on this subject. *People v. Lathrop*, 3 Colo. 428. A general demurrer may be interposed to the alternative writ, but a failure to do so, in the court below, is not a waiver of the objection that it does not state facts sufficient to entitle the relator to the relief demanded, and such question may be raised on appeal or error. The petitioner for this high prerogative writ must show from the facts stated a clear, legal right to have the act performed which is sought by such writ, and it must appear that such act is the plain, legal duty of the respondent to perform. *Daniels v. Miller*, 8 Colo. 542; *People v. Spruance*, 8 Colo. 307; *Lithographing Co. v. Henderson*, 18 Colo. 259. It will not be attempted to state in detail what must be averred in actions of this character, but the averments of the respective writs mentioned, in so far as they refer to funds available for the payment of the warrant in controversy, will be noticed.

It is averred that by an act of the general assembly, funds sufficient were appropriated for the payment of this warrant, and that such funds came into the state treasury for that purpose. This is a conclusion of the relator based upon an act making an appropriation for the maintenance and support of the state penitentiary for the years 1887 and 1888, as found

in the session laws of 1887, p. 48.   If such reference to the
act makes it a part of these writs, it will be found on exam-
ination that it is not susceptible of such construction as will
support the conclusion pleaded.   It merely makes appropria-
tion for the years mentioned, and is not for the payment of
any particular or specified warrant, but for the payment of
such as may be properly drawn on the fund thereby created,
which warrants, like others, could only be lawfully paid by
the treasurer in the order of their presentation to him.   It is
also alleged that there was collected and paid into this fund,
and into the treasury of the state, funds sufficient to pay this
warrant.   Whether the funds so paid are applicable to the
payment of the warrant is not stated.   There might be suf-
ficient moneys in the hands of the treasurer to pay the war-
rant, but if such moneys could not be so applied, no legal
duty would be imposed upon the treasurer to pay the warrant
in question.

It is further stated there has been collected and paid into
the treasury moneys to the credit of the fund upon which
this warrant is drawn sufficient to pay all others drawn on
the same fund of prior date and number to the one in con-
troversy.   Warrants are paid in the order of priority of pres-
entation and registration to the state treasurer, and not in
the order in which they may have been drawn.   Mills' Ann.
Stats. secs. 1802, 1803, 1804, 1813.   The statement last noticed
is not one from which it can be inferred there are not warrants
which are entitled to be paid in advance of those held by re-
lator.   There is also a statement to the effect that the war-
rant in controversy was presented for payment, and payment
demanded of the state treasurer at the time when funds,
which, it is averred, had been levied, collected and paid into
the state treasury applicable to the payment of such warrant,
were in the hands of the treasurer; but this statement is
based upon those preceding and above noticed, and does not
aid either of the writs, in the statement of a cause of action.
These averments are insufficient; they wholly fail to state
the facts from which it can be deduced that there are funds

in the hands of either the original respondent or Mulnix, which are properly applicable to the payment of the warrant of the relator, or that either of these parties were under official obligations to perform the act which relator by this proceeding seeks to have performed. The court cannot indulge in any presumption in favor of the relator; on the contrary, it will be presumed that state officials perform their duties according to law, and this presumption obtains until the contrary is shown; and in actions of this character the relator must, by clear statements, make it appear that he has a legal right to the relief asked. This he has failed to do in this case.

The judgment is reversed and the cause remanded, with directions to quash the peremptory writ, strike the amended supplemental petition and supplemental alternative writ from the files, and quash the original alternative writ, with leave to relator to apply to amend on notice, as he may be advised.

*Reversed and remanded.*