[No. 3987.]

KEPHART, STATE TREASURER v. THE PEOPLE EX REL. THE AMERICAN SAVINGS BANK.

28    73
28   197
c28   206
16a  137
16a  233

1.  PLEADING—PRACTICE—DENIAL OF PERMISSION TO ANSWER.

Where a plea in bar to an alternative writ of mandamus was over-ruled, ordinarily respondent should have been given permission to answer, but the appellate court will not hold a denial of such permission as an abuse of discretion by the trial court where it does not appear what the nature of the answer was, nor that any showing was made by respondent that properly invoked such discretion.

2.  CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS IN STATE
    —STATE WARRANTS—SUIT ON.

A suit brought in this state by a foreign corporation to enforce the collection of state warrants bought at its place of business outside the state, is not doing business in the state such as is contemplated by our statute which prohibits foreign corporations from doing business in the state until they have paid a prescribed fee to the secretary of state.

3.  MANDAMUS—PLEADING—INFORMATION AND BELIEF.

Statements and denials in a mandamus proceeding must be specific and definite and not upon information and belief, or if upon information and belief there must be a showing why they are not positively stated. A petition and alternative writ of mandamus to compel the state treasurer to pay certain state warrants in which the facts are alleged upon the information and belief of relator are insufficient to warrant the mandamus, since the treasurer's office is a public one and his books and accounts relating to warrants are open to inspection.

4. MANDAMUS—STATE WARRANTS.

To justify a mandamus against the state treasurer to pay a state warrant, it must affirmatively appear in the alternative writ that there is money in the hands of the treasurer belonging to the specific fund against which the warrant is drawn and which came from the revenues of that particular year and that there are not other warrants entitled to prior payment sufficient to exhaust such fund.

5. SAME—BURDEN OF PROOF.

An alternative writ of mandamus against a state treasurer to compel the payment of a warrant must clearly allege all the facts which make it the duty of the treasurer to pay the warrant, and when put in issue by the answer the burden of proof is on the relator to affirmatively establish these facts, and not on the treasurer to negative their existence.

6. MANDAMUS—PLEADING—LEGAL CONCLUSION.

An averment in an alternative writ of mandamus that there is money in the treasury applicable to the payment of the warrant and that it is the duty of the treasurer to pay the same is but a legal conclusion of the pleader and insufficient to warrant the relief.

*Appeal from the District Court of Arapahoe County.*

This was a proceeding in mandamus to compel the state treasurer to pay thirteen state warrants issued in the year 1889. There was a separate cause of action on each warrant, but as in each the allegations of the petition and the alternative writ are the same, the disposition we make of the first count settles all.

After the averment in the alternative writ that the warrant was duly drawn by the auditor in payment of the official salary of one of the district judges of the state for the month of June 1889, its subsequent presentation by the auditor to the treasurer and the latter's endorsement thereon that there were no funds for its payment, the countersigning of the same by the treasurer, its due transfer to petitioner, and its subsequent presentation to the treasurer for payment and his refusal to pay the same, the writ thus proceeds:—

"That, as the relator is informed and believes, there is now in the hands of the said treasurer of the state of Colo-

rado, the sum of eighty thousand dollars and over ($80,000), the same being a part of the income and revenue of the said state in and for the year 1889, and that the same is applicable for the payment of the said warrant, with the interest thereon, and is sufficient therefor; and that it is the duty of the said treasurer to pay the said sum of three hundred thirty-three dollars and thirty-three cents and the interest thereon as aforesaid to the relator therefrom; but, that the respondent, notwithstanding his duty in the premises, refuses to make such payment."

To the writ the respondent below filed what he calls a plea in bar, in which it was averred that petitioner, being a foreign corporation, could not maintain the action because it had not complied with certain acts of the general assembly, particularly the one of April 13, 1897 (Session Laws 1897, 157) which, as it is said, are conditions precedent to the right of any foreign corporation to have or exercise any corporate powers, or to do any business, in this state. The plea was overruled. Respondent then asked leave to answer, which request was refused, and thereupon the court, on plaintiff's motion for judgment on the pleadings, rendered judgment requiring the treasurer to pay the warrants in question.

Mr. D. M. CAMPBELL, attorney general, Mr. CALVIN E. REED and Mr. DAN B. CAREY, assistants attorney general, for appellant.

Mr. EDWARD KENT and Mr. WM. B. TEBBETTS for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

1. Ordinarily, such a request for permission further to plead or answer should be granted, but we cannot say that

the discretion of the court in denying the request was, in this instance, abused, for we are not advised what the nature of the answer was, nor does it appear from the record that any showing was made by respondent that properly invoked the discretion.

2.   Our statute (Session Laws, 1897, 157) provides, *inter alia*, that if a foreign corporation, having capital stock divided into shares, fails to pay a prescribed fee to the secretary of state, it shall not "have or exercise any corporate powers or be permitted to do any business in this state until the said fee shall have been paid." It is contended that petitioner, being a foreign corporation, even though the particular business of buying these warrants was transacted outside the state, may not maintain this action to compel the treasurer to pay them, because it has not paid the prescribed fee.

Similar provisions have been construed by this and other courts.   In *Miller v. Williams*, 27 Colo. 34, the same question was raised but not decided.   The authorities are there collected.   The attorney general concedes that the decisions of this and other courts are against his position, but maintains that they are wrong in principle, and particularly under our present act which, he argues, is a more stringent measure than our previous enactments.

We think a fair construction of this statute is that it was thereby intended to prevent foreign corporations from transacting business in this state, as a domestic corporation is authorized to do, except upon compliance with the statutory conditions.   We do not think the single act of bringing suit by such corporation in this state to enforce the collection of warrants bought at its place of business such an exercise of corporate power as comes within the inhibition of the statute.

While appreciating the force of the argument made by the attorney general in support of his construction, at this late

date our previous decisions should not be set aside. The present statute is not so materially different from the previous ones as to withdraw the case from the operation of the principles therein established.

3.  Under the decision in *Nance v. The People,* 25 Colo. 252, the petition for the writ and the alternative writ itself do not warrant the granting of any relief.  The allegations in the above excerpt are upon information and belief.  The treasurer's office is a public one; his books and accounts relating to warrants are open to the inspection of the public, and what they contain is presumptively within the knowledge of warrant holders.  Statements and denials in a mandamus proceeding must be specific, definite, and not upon information and belief.  To say the least, if averments are on information and belief, there must be a showing why they are not positively stated.  *In re Freel,* 38 N. Y. 143; *In re Guess,* 38 N. Y. 91.

Our statute requires the state treasurer to countersign all warrants issued by the auditor, and maintain a separate register wherein he shall keep the number of all warrants issued, to whom and when issued, and the amount of each one.  The auditor is required to present all warrants issued and drawn by him to the state treasurer, and the latter must record the same in the register referred to.  Warrants which are not so recorded and countersigned shall be of no value, or in any way binding upon the state.  The treasurer must pay warrants in the order in which they are drawn and presented for payment.

The revenues of any particular year must be devoted to the payment of the expenses of that year, and it must be shown that there is money in the hands of the treasurer belonging to the particular fund out of which this warrant is payable, and which may properly be applied to its payment. Unless the money in the hands of the treasurer came from the revenues of 1889, it is not properly applicable to the

payment of this warrant, and since the treasurer must pay warrants in the order of presentation, and there ·being nothing in the writ to show that there are not other warrants drawn the same year which are entitled to be paid in advance of the warrant in question, it was improper for the court to award the writ. 1 Mills Ann. Stats., Secs. 1802, 1810, 1811, 1812 (Gen. Stats. 1883, Secs. 1358,. 1365, 1366, 1367). As well said in *Nance v. The People, supra:* "The court cannot indulge in any presumption in favor of the relator; on the contrary, it will be presumed that state officials perform their duties according to law, and this presumption obtains until the contrary is shown; and in actions of this character the relator must, by clear statements, make it appear that he has a legal right to the relief asked."

In *Vincent v. The Board,* 12 Colo. App. 40, our court of appeals has thus spoken: "Mandamus lies to compel the performance of some specific duty enjoined by law. The party applying for the writ must be able to show clearly that he has a legal right to the performance of the particular act for which compulsory process is sought, and his averments must embrace every fact necessary to entitle him to the desired relief." *People v. Spruance,* 8 Colo. 307.

The same doctrine has been established by the courts of many states, and by this court in a large number of cases, and it is unnecessary to burden the opinion with their citation. The alternative writ must clearly allege all the facts which make it the duty of the treasurer to pay a state warrant. And when put in issue by the answer, the burden of proof is on relator affirmatively to establish these facts, and not on the treasurer to negative their existence.

The averment in the writ that money in the treasury is applicable to the payment of the warrant, and that it was the duty of the treasurer to pay the same, is but a mere conclusion of the pleader. If, in some cases, it is difficult, if

not impossible, for the pleader to avoid stating conclusions of law, wherever, if at all, such averments are permissible there must be allegations of fact which justify those conclusions. We look in vain to the writ in this case for any such averment of facts as make it the duty of the treasurer to pay this warrant.

We are constrained to add that in too many cases have the trial courts, without sufficient showing, sometimes in the face of clear and convincing proof that the treasurer, by complying with their mandates, would violate plain statutory provisions, ordered the state treasurer to pay outstanding warrants. That this warrant is a valid debt of the state is unquestioned. That it should be paid is clear. That it has not been paid long ago is a reflection on the financial integrity of the state, or its promptness in paying its debts. Some such outstanding warrants may be illegal, because in excess of the constitutional limit, but it would seem some legal ones are unpaid. An adequate method of ascertaining which are legal, and which void, should be adopted by our general assembly, if none such now exists, and if there is money in the treasury from the revenue of 1889 properly applicable to the payment of the valid warrants, or some of them, issued during that fiscal period, they should be taken up and interest thereon saved. Meanwhile, it is too much to demand that the treasurer, at his peril, make this ascertainment for himself.

The judgment is reversed and the cause remanded.

*Reversed.*