### Clarence E. Fish v. Lawrence E. McGann.

1. CHANCERY PRACTICE—*Effect of Demurrer to the Answer.*—By filing a demurrer to the answer, the petitioner admits the truth of all the material facts set up in the answer, but not the legal conclusions, if any, drawn from them by the pleader.

2. SAME—*No Proof of Alleged Facts Necessary When Demurrer is Overruled.*—When a demurrer is overruled and the party filing it elects to stand by his demurrer, no proof of the facts alleged is necessary. By the judgment of the court upon the demurrer these facts are admitted of record.

3. CIVIL SERVICE—*Position of Probational Appointee Under Sec. 1 of Rule 6 of Civil Service Rules.*—The appointment of a probational appointee is not complete under section 1 of rule 6 of the civil service rules until the probation term has expired by lapse of time, or is cut short by the certificate of the appointing officer, and the appointee is therefore not entitled to the right of a hearing upon written charges before he can be discharged.

Mandamus.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed April 20, 1903.

April 3, 1902, appellant filed a petition praying for a writ of mandamus commanding appellee, as comptroller of the city of Chicago, to reinstate petitioner as chief clerk in said comptroller's office.

The petition sets up the adoption of the civil service act of 1895, by the city of Chicago in that year, and the appointment of civil service commissioners under and by virtue thereof.   In November, 1899, petitioner, after due examination under the rules of said commissioners, was appointed as a clerk in the city collector's office, and afterward was transferred to the Special Assessment Bureau, where he remained until November 8, 1900.   February 20, 1901, he was appointed as clerk in the city collector's office, which position he held until April 1st of that year.   July 10, 1901, he took the examination for the position of chief clerk in the comptroller's office.   February 13, 1902, he was appointed to that position, which he held until March 31, 1902, when, without the consent of said commission, without the filing of written charges against him, without giving him an opportunity to defend, and without any investigation before said commission, or any other board appointed by it to conduct such investigation, he was discharged by said comptroller, etc.

The answer of the respondent, among other things, alleges that after petitioner was laid off, April 1, 1901, he was tendered reinstatement June 26, 1901, but refused to accept the same; and his waiver of that right was then duly accepted.   That the examination had July 10, 1901, was open and not promotional.   That after petitioner had passed such examination, and on January 28, 1902, he was certified to the position of chief clerk in the comptroller's office, and was appointed to said position February 13, 1902.

" This respondent further says, that said petitioner was appointed as a probational appointee in accordance with section 1 of rule 6 of the civil service rules, which is as follows :

' The appointment shall be on probation for a period of six months.   At the end of this period, if the conduct and capacity of the person appointed have been satis-

factory, the appointment shall be deemed complete, but the appointing officer may complete the appointment at any time after the expiration of two months, by certifying inch completion to the commission.'

This respondent further answering, says, that the followsug rule was also duly adopted by the civil service commission, and is now in full force and effect, and was in full force and effect at the time of the last mentioned appointment of said petitioner :

'If any probationer shall, upon fair trial, be found incompetent or disqualified for the performance of the duties of the position he is filling, the appointing officer shall certify the same in writing to the commission. Upon the approval of the commission such probationer shall be dropped from the service.'

This respondent further says, that on March 31, 1902, in accordance with the civil service law and rules, and prior to the expiration of the period of probation of the said petitioner, he discharged the said petitioner upon assigning in writing his reason therefor to the said civil service commission; that said petitioner had a fair trial in the duties of chief clerk of the comptroller's office; that he was found incompetent and disqualified for the performance of the duties of the position; that this respondent so certified in writing to the commission and assigned in writing his reason for the discharge of said petitioner to said commission, and that said discharge was consented to and approved of by said commission on April 4, 1902, and said petitioner was duly notified of his discharge April 5, 1902, by said commission."

To this answer the petitioner filed a demurrer, both general and special. Upon hearing the court overruled the demurrer. The petitioner elected to stand by his demurrer. Thereupon the court rendered a judgment against him for costs. From that judgment this appeal was perfected.

CLARENCE E. FISH, *pro se.*

No appearance for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The object of the demurrer in this case was to determine whether the well pleaded facts of the answer constituted

Fish v. McGann.

grounds of defense against the issuance of the writ of mandamus. Johnson v. Roberts, 102 Ill. 658. By filing the demurrer the petitioner admitted the truth of all the material facts set up in the answer, but not the legal conclusions, if any, drawn from them by the pleader. Compher v. People, 12 Ill. 293; Greig v. Russell, 115 Ill. 488; County of Christian v. Merrigan, 191 Ill. 487. When a demurrer is overruled and the party filing it elects to stand by his demurrer, no proof of the facts alleged is necessary. By the judgment of the court upon the demurrer these facts are admitted of record. Nispel v. Laparle, 74 Ill. 308.

The answer alleges that after the petitioner was laid off as a clerk in the city collector's office in April, 1901, he was tendered a reinstatement, which he declined and refused to accept, and his waiver of such right of reinstatement was then duly accepted. The demurrer admits the truth of this statement, the legal effect of which was to sever his relations with the city, and thereby, by his voluntary act, to strip from him all advantages, if any, arising from his prior employment by the city as a clerk under the civil service rules.

The answer further alleges that the petitioner, after passing a civil service examination, was appointed chief clerk in the comptroller's office February 13, 1902; that on March 31, 1902, finding the petitioner incompetent and disqualified for the performance of that position, the respondent discharged him, and so certified in writing to said commission, giving his reasons for so doing, and that said discharge was consented to and approved by said commission April 4, 1902, and said petitioner was duly notified of his discharge upon the following day by said commission. From this allegation it appears that the petitioner had been in the employ of said city under the civil service rules but fifty-one days when finally discharged.

Section 1 of rule 6 of the civil service rules provides that appointees thereunder shall be on probation for a period of six months. At the end of that time the appoint-

ment shall be deemed complete. The appointing officer, if he will, may end this probation term, after two months' service, by certifying such completion to the commission.

The reading of this section shows that the appointee is not " in " until that probation term has expired by lapse of time, or is cut short by the certificate of the appointing officer; and he is therefore not entitled to the right of a hearing upon written charges before he can be discharged. Such a probationer comes under the rule that if, in the interim, upon fair trial, he be found incompetent or disqualified for the performance of the duties of the position he is filling, the appointing officer shall certify the same in writing to the commission, and, if that body approve, the probationer shall be dropped from the service. A strict compliance with this rule upon the part of the respondent is set up in the answer. The demurrer admits its truth.

In our opinion the petitioner was lawfully discharged from the service, and therefore he has no legal ground of complaint.

For some reason not known to us, we have not been favored with a brief for the respondent. If counsel knew how much our labors are lessened by hearing " the other side," they would not neglect this plain duty.

The judgment of the Circuit Court is affirmed.