[No. 5412.]
[No. 3069 C. A.]

## CHIPMAN v. FORWARD, COUNTY TREASURER.

1. **Mandamus—Pleading—Complaint—Answer or Demurrer—Alternative Writ.**

In mandamus, after the alternative writ has issued it becomes the initial pleading, and the complaint or petition is *functus officio*, and cannot be answered or demurred to; and respondent's pleading should be directed to the alternative writ. —P. 443.

2. **Same—Appellate Practice.**

Where defendant in mandamus, after the issue of the alternative writ, answered the complaint on which it issued, to which answer a demurrer was sustained, and judgment entered for plaintiff, defendant's appeal from the judgment will be dismissed, since the alternative writ was not attacked by answer, demurrer, or motion.—P. 444.

*Appeal from the District Court of Logan County.*
*Hon. E. E. Armour, Judge.*

Mandamus by C. Forward against J. C. Chipman. From a judgment for plaintiff, defendant appeals.                          *Appeal dismissed.*

Messrs. MUNSON & MUNSON, for appellant.

No appearance for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Appellee Forward, as plaintiff, filed his complaint in the district court, in which, as assignee of orders or warrants issued by the school board of District No. 12 of Logan county, and drawn on the county treasurer, and signed by the president and secretary of the board, he asked for a writ of mandamus compelling the treasurer of the district to countersign the same, that officer having, upon demand, refused to do so. The alternative writ of mandamus was issued as prayed for, and on the return day defendant below (appellant here) filed an answer to the complaint in which he set forth facts which, in his judgment, made the warrants illegal, assigning such illegality as his reason for refusing to countersign them. The court sustained a demurrer to this answer, and the alternative writ was thereupon made peremptory, and from final judgment thus entered, defendant appeals.

We think this appeal should be dismissed irrespective of the merits of the answer to the complaint. In mandamus the object of the petition or complaint is to secure the granting of the alternative writ, or rule, to show cause, and when that has been issued, the complaint is *functus officio,* and the alternative writ becomes the initial pleading in the cause.

There are some cases in our reports in which it seems that the parties proceeded, without objection, either by court or counsel, as if the rights of the applicant for the writ depended upon the allegations of his complaint or petition. But this court has expressly ruled in *Wheeler v. Northern Colo. Irr. Co.,* 10 Colo. 582, that "the alternative writ of mandamus performs the office of the complaint in an ordinary civil action. It must state a cause of action, and failing to do so will not support a judgment. Its legal sufficiency may, by the return or answer provided for in the civil code, be challenged as upon demurrer and tested under the rules of pleading applicable to the ordinary complaint, when assailed by demurrer."

In *Nance v. The People,* ·25 Colo. 252, it was said, where a demurrer was filed to the complaint or petition:

"The demurrer filed by respondent Nance was directed to the original petition. In order to raise this question properly in the court below, it should have been directed to the writ itself, as the alternative writ becomes the primary pleading in the case, which must be examined for the purpose of ascertaining if it state a cause of action."

See, also, *Kephart v. The People,* 28 Colo. 73. Other cases so holding might be cited, but those mentioned show what our practice is.

The record in this case discloses no objection to the sufficiency of the alternative writ either below or upon this review. It seems sufficient in all respects, assuming its allegations to be true, to justify the relief which was granted. If, therefore, we should assume that the complaint or petition for the writ is defective, and that the answer, if, instead of being addressed to the complaint, had been directed to the alternative writ, would be a sufficient defense; and further assuming, but not in either case so deciding,

that under our code, as it exists at the present time, an appeal from a judgment in mandamus is an appropriate remedy, we must, nevertheless, dismiss the appeal because, under the facts disclosed by the record, the statements of the alternative writ were not, and have not been, denied or in any way questioned either by motion, demurrer or answer.

                                     *Appeal dismissed.*

Chief Justice Steele and Mr. Justice Gabbert concur.