## No. 9424.

### KIRKPATRICK ET AL. *v.* THE PEOPLE.

1. TOWNS—*Incorporated under Territorial Law.* The act of 1867 (Rev. Stat. 1868 c. 84) is a general law. Sec. 14 of Art. XIV of the Constitution has no relation to towns incorporated under that statute.

2. CONSTITUTIONAL LAW—*Classification of Cities and Towns.* Sec. 13 of Art. XIV of the Constitution authorizes the Legislature to enact general laws for the classification of towns organized under the general laws of the territory.

3. TOWNS—*Duty of Officials to Assume the Character of Cities.* Under Rev. Stat. Sections 6532-6534, the authorities of a town organized under the general laws of the territory are required, when the population exceeds two thousand, to make and publish the ordinances necessary to perfect the organization of a city of the second class. Such towns are not excepted from the operation of the statute quoted, by the Act of February 12, 1879 (Laws 1879 p. 194). Nor by the proviso to the last section of the territorial act of 1887 (Rev. Stat. Sec. 6467).

The statute is mandatory and mandamus lies to compel obedience to its provision.

4. STATUTES—*Saving. Clause—Construction.*  A saving clause should be strictly construed, so as to not include anything not fairly within its terms.

5. MANDAMUS—*Writ Granted by Default.*  Where the respondents demur to the alternative writ, argument is heard, and upon the overruling of the demurrer they elect not to plead further, the subsequent award of the peremptory writ is not by default within the meaning of sec. 344 of the code.  This section merely requires a hearing, and the examination of the question of law is a hearing.

6. *Pleading.*  The alternative writ is the initial pleading, and a demurrer lies thereto, as to a complaint, and admits the allegations of fact so far as well pleaded.

*Error to Huerfano District Court, Hon. A. C. McChesney, Judge.*

Mr. M. G. SAUNDERS, Mr. CHARLES HAYDEN, Mr. E. F. CHAMBERS, for plaintiffs in error.

Mr. JOHN L. EAST, Mr. ROMILLY E. FOOTE, Mr. PHILIP HORNBEIN, for defendants in error.

Opinion by Mr. Justice Allen.

THIS is a suit in mandamus brought in the name of The People, by certain relators, against the Mayor and the members of the Board of Trustees of Walsenburg, an incorporated town.  The case was instituted for the purpose of compelling the respondents, the mayor and the trustees, to proceed to organize the town of Walsenburg as a city of the second class. and to make and publish such ordinances as may be necessary to perfect such organization in respect to the election, duties and compensation of officers or otherwise.  In other words, the suit is brought against the respondents as the mayor and trustees of an incorporated town which, by reason of having a population exceeding two thousand, is entitled to become a city of the second class, and to compel the respondents to organize the town according to its new grade, pursuant to the provisions of sections 6533, 6534, R. S. 1908 (sections 7241, 7242, Mills

Ann. Sts. 1912). The alternative writ of mandamus recited sufficient facts to show that the relators were entitled to the relief demanded, provided the sections of the statute above cited apply to, affect, and govern the town of Walsenburg and its officers.

The respondents demurred to the alternative writ of mandamus. The demurrer, after being argued on both sides, was overruled, and thereupon the respondents declined to plead further, and elected to stand upon their demurrer. Upon and after the hearing, judgment was entered directing the issuance of a peremptory writ of mandamus. The respondents bring the cause here for review.

It is conceded that the town of Walsenburg was incorporated in 1873 under the Territorial Act of 1867 (R. S. 1868, Ch. 84), permitting towns and villages to become incorporated towns, upon a certain petition to, and order of, the Board of County Commissioners of the county where such town or village is situated. The main question presented for our determination is whether or not the statutes relied on by relators, hereinbefore cited, apply to, affect and govern towns which, like the town of Walsenburg, had been incorporated under the territorial statute above mentioned, and had never reorganized under any other law. This is the only question discussed in the briefs which relates to the correctness of the trial court's ruling upon the respondents' demurrer. If sections 6533 and 6534, R. S. 1908, relied on by relators, are applicable in the instant case, it is not disputed that the demurrer was properly overruled. The respondents contend that these sections of the statute are not applicable.

The Territorial Act of 1867 (R. S. 1868, Ch. 84, p. 604), relating to the manner of incorporation of towns and villages, and under which the town of Walsenburg was incorporated, was unquestionably a general law. It was general and uniform in its operation upon all in like situation, and therefore was not local or special. *People v. Earl*, 42 Colo. 238, 264, 94 Pac. 294. It follows that it is not

necessary to discuss, or to regard as in anywise applicable in the instant case, section 14 of article XIV of the Constitution, which is cited by plaintiffs in error. That section relates solely to cities, towns, or villages, "incorporated by any special or local law."

Section 13 of article XIV of the Constitution provides:

"The General Assembly shall provide by general laws for the organization and classification of cities and towns."

The plaintiffs in error assert that this section "does not provide that all then existing cities and towns shall be *reorganized* under the general laws." Assuming that this is true, the fact does not aid the respondents in any way, for under the constitutional provision above quoted, the General Assembly may provide by general laws for the *classification* of all the then existing cities. The section contains no exceptions, and therefore authorizes the Legislature to enact general laws for the classification of towns which, like the town of Walsenburg, had been organized under general territorial laws. This view is supported by the language of this court in *People v. Earl, supra,* where it is said:

"The object to be attained by section 13, article 14, was * * * to provide for a classification of all existing cities and towns."

Pursuant to section 13, article 14, of the Constitution, above mentioned, the General Assembly in 1877 passed an act entitled, "An Act in Relation to Municipal Corporations," which is found at pages 874 to 919 of the General Laws of 1877. The statute upon which this suit is based, and on which the relators rely, is that part of the Act of 1877 which relates to the classification of municipal corporations, as amended in 1891 and in 1897.

The first section of the act in question, so far as the same relates to the classification of towns, is now section 6531 R. S. 1908 (sec. 7239 M. A. S. 1912), and reads as follows:

"In respect to the exercise of certain corporate powers, and duties of certain officers, municipal corporations are

divided into cities of the first and cities of the second class, and incorporated towns."

The section immediately following (sec. 6532 R. S. 1908) provides that:

"Every municipal corporation having a population exceeding two thousand, and less than fifteen thousand, shall be a city of the second class."

The next section of the Act of 1877 is the one most material in the instant case. This section was amended in 1891 (S. L. 1891, p. 374, sec. 1), and again in 1897 (S. L. 1897, p. 273). As amended, it provides when and under what circumstances certain state officers "shall ascertain * * * what incorporated towns are entitled to become cities of the second class," and cause a statement thereof to be published. Then follows a mandatory provision, governing all cities and towns existing under general laws, that:

"Every such city or incorporated town shall, at the next regular election for the election of municipal officers, proceed to organize according to its new grade." (Sec. 6533 R. S. 1908; sec. 7241 M. A. S. 1912.)

In the section which next follows, it is further provided that:

"The proper authorities of such city or incorporated town shall make and publish such ordinances as may be necessary to perfect such organization in respect to the election, duties and compensation of officers or otherwise. (Sec. 6534 R. S. 1908; sec. 7242 M. A. S. 1912.)

The acts or proceedings which the judgment or peremptory writ, in the instant case, sought to compel the respondents to perform or to carry out, are those mentioned in the two sections of the statute last above discussed. The language of those sections makes it mandatory upon the respondents to act as therein provided. The statute does not exempt any city or town from its operation. A consideration of the intent of the statute also leads to the conclusion that it is applicable to, and governs, all existing

towns and cities which have been incorporated under general laws, whether of the territory or of the state. Such intent may be expressed in the language found in *Ward v. Contracting Co.,* 79 Fed. 390, quoted by this court in *People v. Earl, supra,* as follows:

"The clear intent  *  *  *  is to prevent a multiplication of classes of municipalities, and the giving to one within the same class different powers or functions, and imposing upon any one restrictions different from those in the same class or division. In short, it is to secure absolute uniformity, by general law, applicable to all the given classes, respecting the faculties with which they might be endowed, and the limitations placed upon their functions by the Legislature; so that any person, anywhere, desiring to ascertain what are the powers and restrictions of any one city of a given class in the state, could be advised thereof by looking at the 'general law' defining such powers and restrictions."

The plaintiffs in error oppose the conclusion that the statute is applicable to the town of Walsenburg, and in this connection cite various provisions from the Act of 1879 (S. L. 1879, p. 194). This act relates to incorporation, and while permitting towns which were incorporated prior to 1877 to retain their organization, and to proceed under the law under which they were incorporated in the enforcement of the powers or the exercise of the duties conferred by such general law (sec. 6513 R. S. 1908), the act does not have the effect of exempting such towns from the operation of statutes relating to the classification of municipal corporations.

The respondents also rely on sec. 6467 R. S. 1908 (sec. 7467 M. A. S. 1912), which is the last section of the Act of 1877 hereinbefore referred to, and which reads as follows:

"All general laws providing for the organization and government of incorporated cities and towns in the State of Colorado are hereby repealed. *Provided,* That the existence

of cities and towns heretofore incorporated within the state, which shall choose to retain their present organization, shall not be affected, nor the powers or duties thereof in any manner changed or abridged by any provision of this act."

It is the proviso or saving clause in this section on which respondents base the contention that the town of Walsenburg, because incorporated prior to the passage of the Act of 1877, is not affected by, or subject to, that part of the act relating to the classification of municipal corporations. The proviso or saving clause in question had, and has, no such effect. A saving clause is intended to save something which might otherwise be lost. Sec. 287, Lewis' Sutherland, Stat. Constr. The object of the saving clause, inserted in the section above quoted, was to preserve the *existence* of cities and towns which had been incorporated under general laws enacted prior to, and repealed by, the Act of 1877. Had the saving clause not been added, such cities and towns might have gone out of existence, as legal entities, for it has been held that:

"Dissolution may be effected by the repeal of the general law under which the community has assumed the municipal charter or organization." 28 Cyc. 255.

It was therefore provided, in the saving clause, that "the existence" of such cities and towns "shall not be affected" by the new act. The remaining part of the saving clause carries the same idea. The effect of a dissolution of a municipal corporation would be to destroy its powers and duties, and hence the provision in the saving clause in question that neither "the powers or duties" of such towns shall be "changed or abridged." It has frequently been held that a saving clause "should be strictly construed so as not to include anything not fairly within its terms." 36 Cyc. 1164, and note 69. There is nothing in the section in question which shows an intent on the part of the Legislature to exempt such cities and towns from the operation of any statute relating to the classification of municipal

corporations. The views above expressed are in harmony with the decision of this court in *People v. Keeling,* 4 Colo. 129, where it was held, in effect, that all cities and towns incorporated under general laws were subject to that part of the Act of 1877 which relates to the election of municipal officers, notwithstanding the proviso or saving clause in question.

For the reasons above named, we are of the opinion that the statutes relied on by the relators entitled them to the remedy sought, that these statutes are applicable to, and affect, the town of Walsenburg, and that, therefore, the demurrer was properly overruled.

The plaintiffs in error point out the fact that no testimony of any witness was taken or received by the court below, and contend that, because of this fact, the peremptory writ was "granted by default" in violation of section 344 of the Code of 1908, which provides that:

"The writ shall not be granted by default. The case shall be heard by the court or judge, whether the adverse party appear or not."

In considering this contention, it should be noted that the record shows that the respondents appeared and filed a demurrer to the alternative writ of mandamus. The demurrer was argued by both sides, and after such argument was overruled. The respondents then, in open court, declined to plead further, and elected to stand upon their demurrer. After this, judgment for a peremptory writ of mandamus was granted. Under these circumstances, it can not be said that the judgment or writ was "granted by default" within the meaning of the Code provision above cited.

In 23 Cyc. 734 it is said:

"Properly speaking, a judgment by default is one taken against a defendant when, having been duly summoned or cited in an action, he fails to enter an appearance."

The term "default" as used in the Code section in question relates to the default of the defendants or respondents.

It was intended by that section to prevent the taking of a judgment merely because the defendant or respondent was in default. In this connection the term "default" should be defined as "A failure to appear and contest a point of law or fact by presentation of counter argument or proof." 13 Cyc. 759. In the instant case the respondents did *appear* and did *contest a point of law* by means of their demurrer. There was a presentation of argument and counter argument at the hearing on the demurrer.

The alternative writ of mandamus performed the office of the complaint in an ordinary civil action. *Chipman v. Forward,* 41 Colo. 442, 92 Pac. 913. "The writ is the initial pleading, the complaint, in the case." *Parr v. Sexson,* 56 Colo. 491, 494, 138 Pac. 768. A demurrer lies to this writ as to a complaint. 26 Cyc. 465; *Nance v. People,* 25 Colo. 252, 54 Pac. 631. "It is an elementary rule that a demurrer admits the truth of all allegations of fact in the pleading demurred to so far as the same are well pleaded." *Greenwood, etc., Land Co. v. Routt,* 17 Colo. 159, 28 Pac. 1126, 15 L. R. A. 369, 31 Am. St. 284. The respondents by their demurrer admitted all the facts well pleaded in the writ, and upon the demurrer being overruled, they elected to stand thereon and voluntarily declined to answer or to contest the case on any question of fact. Under these circumstances the court was not bound to take testimony. As said in *Fish v. McGann,* 205 Ill. 179, 68 N. E. 761, affirming, 107 Ill. App. 538:

"The judgment thereupon entered is conclusive of the facts confessed by the demurrer; and no proof of such facts is necessary, other than that appearing upon the record. The facts, alleged in the pleading, are, in such case, admitted of record by the judgment of the court upon the demurrer."

In 6 Standard Cyc. of Proc., 957, it is said:

"But where a demurrer is overruled and the demurrant elects to abide by it, no further proof of the facts so admitted is necessary."

The Code section in question merely requires a hearing. A hearing may be a judicial examination of an issue of law as well as one of fact. 21 Cyc. 408. Such a hearing was had in the instant case, and being the only hearing sought by the respondents in the trial court, was a compliance with the Code, and precluded the judgment or the peremptory writ from being one "granted by default" within the meaning of the Code section relied on by respondents. The views herein expressed are in no way inconsistent with the opinion in *Parr v. Sexson, supra,* cited by respondents. In that case there was no hearing, either upon a demurrer or an answer, and there was no contest, either upon an issue of law or of fact. The respondent Parr was in default for want of either demurrer or answer whereby he would contest a point either of law or of fact. The trial court in that case was therefore bound, under the Code, to require proof to support the allegations of the alternative writ.

For the reasons indicated in this opinion, the judgment of the trial court is affirmed.

Affirmed.

Decision *en banc.*